JiPER CURIAM[1]
Respondent, Walter J. Crittenden, was formally charged in two separate proceedings with six counts of engaging in misconduct contrary to the Rules of Professional Conduct. In Count I of the first set of formal charges and Counts I, III and IV of the second set of formal charges, the complainants alleged that Respondent was retained by them to handle certain legal matters and that he failed to perform any work in completion of the specific tasks he was hired to perform. Further, it was alleged that Respondent failed to communicate with his clients after he was retained. Based on these allegations, Respondent was formally charged with failing to act with reasonable diligence and promptness in representing his clients, failing to properly communicate with and keep his clients informed, misleading his clients concerning the status of their cases, failing to account for the advance fees paid by his clients and faffing to return the unearned fees to his clients.
Count II of the first set of formal charges and Count II of the second set of formal charges involve two instances where Respondent was subpoenaed by Disciplinary Counsel, and failed to appear as ordered. The Respondent was formally charged with disobeying an obligation under the rules of a tribunal, faffing to cooperate in a disciplinary investigation and engaging in conduct prejudicial to the administration of justice.
After a formal hearing of the first set of formal charges, the Hearing Committee recommended that Respondent be suspended from the practice of law for one year and one day, and that he be ordered to pay restitution to the complainant. With regard to the *650 second set of formal charges, a different Hearing Committee dismissed Counts I and IV due to insufficient evidence, and recommended that Respondent be suspended from the practice of law for 90 days in addition to making restitution to complainant.
The Disciplinary Board consolidated the two matters, and recommended that Respondent be suspended from the practice of law for 18 months and that reinstatement be contingent upon fulfillment of certain conditions.
Upon review of the Hearing Committees’ and the Disciplinary Board’s findings and recommendations, and after consideration of the transcript, record, briefs and oral argument, it is the decision of this court that Walter J. Crittenden be suspended from the practice of law for a period of one year from the finality of this decision, followed by a one-year period of probation during which Respondent shall avoid violation of the Rules of Professional Conduct. The probation shall be subject to the following conditions:
1. A probation monitor shall be appointed by the Disciplinary Board to supervise respondent’s conduct. The probation monitor shall be reimbursed for his/her reasonable expenses incurred in performing probation services. All costs shall be paid directly by Respondent. Failure of Respondent to promptly pay costs shall be grounds for revocation of probation. Supreme Court Rule XIX, App. C(4)
2. The probation monitor shall substantively review, at least on a quarterly basis, Respondent’s files and accounts which are deemed necessary to determine whether Respondent has complied with this Court’s sanctions. The probation monitor shall file a quarterly report with Disciplinary Counsel regarding his/her findings. In connection with the reviews, Respondent, without written or oral request, shall furnish to probation monitor a written update of Respondent’s ^activities pertaining to his handling of any legal matters. The failure to furnish such written reports shall constitute a basis for revocation of probation. Supreme Court Rule XIX, App. C(3)(a-e)
3. Respondent shall make himself and members of his staff, full time, part time and independent contractors, reasonably available for a conference with the probation monitor. Any expenses incurred by way of such conferences shall be paid directly by Respondent. Supreme Court Rule XIX, App. C(3)(d)
4. Respondent shall timely provide appropriate waivers of confidentiality to his probation monitor insofar as confidential relationships may exist between Respondent and other parties to the extent such information is necessary for the probation monitor to perform his/her services. Supreme Court Rule XIX, App. C(3)(f)
5. Upon any violation of the terms of probation, Disciplinary Counsel may file a motion to revoke probation, and such motion shall be heard summarily by a panel of the Disciplinary Board who may make recommendations to this court for further discipline.
6. Respondent shall make full restitution to complainant, Kirk Lee, in the amount of $630.00, together with legal interest from the date of his receipt of client funds, payable in equal monthly installments of $50.00, beginning January 31, 1996, until paid.
7. Respondent shall make full restitution to complainant, Anna Porter, in the amount of $560.00, together with legal interest from the date of his receipt of client funds, payable in equal monthly installments of $50.00, beginning January 31, 1996, until paid.
8. All costs of these disciplinary proceedings are assessed to Respondent. Respondent’s payment of full restitution and costs or efforts to make restitution and pay costs will be considered when Respondent files his affidavit for reinstatement under Supreme Court Rule XIX, § 23. If Respondent is unable to make restitution or pay costs as ordered, he may apply to this Court pursuant to Supreme Court Rule XIX, § 25 for abatement or modification of these provisions.
SUSPENSION ORDERED.
KIMBALL, J., dissents.
VICTORY, J., dissents and would suspend Respondent for eighteen months.

. Judge Burrell J. Carter, Court of Appeal, First Circuit, sitting by assignment in the vacancy created by the resignation of Dennis, J. Johnson, J. not on panel. Rule IV, Part 2, § 3.