ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This disciplinary matter arises from a motion to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against the respondent, Walter J. Crittenden, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
On January 16, 1996, this court suspended respondent from the practice of law for a period of one year, followed by a one year period of supervised probation subject to certain conditions, including the payment of restitution. In re: Crittenden, 95-2050 (La.1/16/96), 666 So.2d 649.[1] Upon completing his suspension, respondent was reinstated to practice and placed on|2probation.
Subsequently, the ODC received information from respondent’s probation monitor indicating that respondent failed to contact him, and failed to make full restitution to his former client, Anna Porter, as required by this court’s judgment.[2] The ODC also investigated allegations that respondent, while on suspension, had accepted $500 in cash to represent a criminal defendant.
*216 DISCIPLINARY PROCEEDINGS
On April 9,1998, on the basis of its investigation, the ODC filed a motion to revoke respondent’s probation. A formal hearing was conducted before the disciplinary board,[3] at which time respondent testified on his own behalf.[4]
At the conclusion of the hearing, the disciplinary board rendered its findings and recommendation. The board' found respondent violated his probation by failing to contact his probation monitor as ordered by the court, practicing law while on suspension and filing a false affidavit with the court stating he had not practiced law while out on suspension.[5] Based on these findings, the board recommended that respondent’s probation be revoked and respondent be placed on a one year and one day suspension, with six months deferred, to be followed by an eigh-teenjsmonth period of supervised probation, subject to certain conditions.[6] Moreover, the board recommended the appointment of Loyola Law Professor Blaine Lecesne as respondent’s probation monitor, and that respondent be assessed with costs in the amount of $387.62.
Neither respondent nor the ODC filed an objection in this court to the board’s recommendation.
CONCLUSION
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is the decision of this court that the recommendation of the disciplinary board be adopted.
DECREE
Accordingly, it is ordered that the probationary status of the respondent, Walter J. Crittenden, be revoked, and that he be suspended from the practice of law for a period of one year and one day, with six months of this suspension deferred. Upon completion of the active portion of his suspension, respondent shall be placed on supervised probation for a period of eighteen months, subject to the conditions recommended by the disciplinary board. It is further ordered that *217 Blaine Lecesne be appointed as respondent’s probation monitor. All costs of these proceedings in the amount of $387.62 are assessed against respondent.

 Johnson, J. not on panel. Rule IV, Part 2, § 3.

. The underlying facts of this matter were set forth in our opinion as follows:
Respondent, Walter J. Crittenden, was formally charged in two separate proceedings with six counts of engaging in misconduct contrary to the Rules of Professional Conduct. In Count I of the first set of formal charges and Counts I, III and IV of the second set of formal charges, the complainants alleged that Respondent was retained by them to handle certain legal matters and that he failed to perform any work in completion of the specific tasks he was hired to perform. Further, it was alleged that Respondent failed to communicate with his clients after he was retained. Based on these allegations, Respondent was formally charged with failing to act with reasonable diligence and promptness in representing his clients, failing to properly communicate with and keep his clients informed, misleading his clients concerning the status of their cases, failing to account for the advance fees paid by his clients and failing to return the unearned fees to his clients.
Count II of the first set of formal charges and Count II of the second set of formal charges involve two instances where Respondent was subpoenaed by Disciplinary Counsel, and failed to appear as ordered. The Respondent was formally charged with disobeying an obligation under the rules of a tribunal, failing to cooperate in a disciplinary investigation and engaging in conduct prejudicial to the administration of justice. Respondent’s suspension arose from formal charges alleging four counts of professional misconduct for a failure to perform legal work, failure to communicate with clients, misleading clients, failure to account for and return unearned fee and failure to cooperate in the disciplinary investigation.

. This court’s judgment required respondent to make full restitution to Ms. Porter in the amount of $560, plus legal interest.

. In our original order in this case, we authorized the ODC to file a motion to revoke the terms of respondent's probation, and provided that such a motion could be heard summarily by a panel of the disciplinary board, which could then make recommendations to this court for further discipline.

. In support of his claim that he made partial reimbursement to Ms. Porter, respondent produced copies of two money orders in the amounts of $300 and $20 made out to Ms. Porter and testified he had mailed them to her in April 1997, shortly after his reinstatement. Respondent also alleged he was unable to comply with the remainder of the order for restitution since he was having financial troubles stemming from his mother's illness, his marital separation and the resulting emotional difficulties experienced by his two children. While conceding he failed to contact his probation monitor, he stated he was frequently out of town caring for his sick mother. Lastly, he denied accepting any money to represent the criminal defendant while on suspension, stating that he was merely intervening in the matter as a family friend.

. Additionally, the board noted that respondent failed to make full restitution to Ms. Porter, although it recognized respondent made efforts at restitution. We do not consider the failure to pay full restitution to be a clear violation of probation, since our order provided that "respondent's payment of full restitution and costs or efforts to make restitution and pay costs will be considered when respondent files his affidavit for reinstatement under Supreme Court Rule XIX, § 23." [emphasis added]. Nonetheless, the order also provided that if "respondent is unable to make restitution or pay costs as ordered, he may apply to this court pursuant to Supreme Court Rule XIX, § 25 for abatement or modification of these provisions.” There is no indication he made such an application, indicating his failure to pay restitution was not due to financial reasons.

.The board recommended the following conditions of probation:
(a) Respondent should make full restitution (or good faith efforts at such restitution) to Anna Porter for the remaining $240, plus interest;
(b) Respondent should develop a probation plan with the appointed probation monitor one month prior to the cessation of the served portion of the suspension (i.e., by the fifth month of the suspension) to ensure that the actual period of probation monitoring will begin immediately at the end of the six months;
(c) Respondent should meet with the probation monitor on a regular basis not less than quarterly; and
(d) Respondent should participate actively in his probation by following any other terms and conditions established by the monitor.