ATTORNEY DISCIPLINARY PROCEEDINGS.
LPER CURIAM.
This attorney disciplinary proceeding arises from five counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Walter J. Crittenden, an attorney licensed to practice law in the State of Louisiana, but currently suspended from practice.[1]
*937 UNDERLYING FACTS
Count I — Bradford Matter
In February 1994, Elease M. Bradford paid respondent $350 to review documents and contact persons regarding an employment discrimination matter. After completing the work, respondent determined the case was not worth pursuing. However, respondent neglected to advise his client of his decision and failed to appear at an administrative hearing on his client’s behalf.
Subsequently, Ms. Bradford terminated the representation and requested the return of her file and fee. While respondent returned part of the fee, he failed to return his client’s file.
19Count II — Jones Matter
On February 3, 1997, while he was suspended from the practice of law,[2] respondent accepted $500 from Cecile Jones to handle the criminal representation of her son, Tyrone Jones. On the same day, respondent met separately with the assistant district attorney as well as the trial judge presiding over the case. At the time, the assistant district attorney and the trial judge were aware respondent was barred from engaging in the practice of law by order of this court. However, respondent asserted that he was not appearing as Mr. Jones’ attorney, but was simply acting as a family friend. Respondent did not reveal that he had accepted a retainer fee from Mrs. Jones.
At some point, the trial judge became suspicious and conducted a hearing in his chambers. Mr. Jones’ counsel of record testified Mr. Jones advised him he no longer needed his services because respondent would be representing him at trial. Mrs. Jones testified that she had retained respondent, who promised to negotiate a plea and, if unsuccessful, represent her son at trial. As a result of this information, the trial judge filed a complaint with the ODC against respondent.
Count III — Bordenave Matter
On August 11,1997, respondent enrolled as counsel of record in Bordenave v. Bor-denave, pending in the Civil District Court for the Parish of Orleans. At the time, respondent was ineligible to practice law stemming from his failure to comply with the mandatory continuing legal education requirement.[3]

\zCount IV— Turner Matter

In August 1997, Victoria Turner, a Michigan resident, retained respondent for $300 to handle an emergency child custody matter. Subsequently, respondent took little or no action on behalf of his client. He failed to communicate with his client, despite her repeated efforts. During this time, respondent was ineligible to practice law stemming from his failure to comply with the mandatory continuing legal education requirement.
Count V — Amos Matter
On March 25, 1998, Karen Petit Amos filed a complaint with the ODC against respondent alleging neglect of a legal matter and failure to refund an unearned fee. Respondent failed to respond to the ODC’s requests for information regarding the matter. Subsequently, he neglected to respond to a subpoena that was issued compelling his appearance and production of documents at a scheduled deposition.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed five counts of formal charges. The charges *938 alleged respondent’s actions violated the following provisions of the Rules of Professional Conduct: Rules 1.1 (incompetence), 1.3 (neglect of a legal matter), 1.4 (failure to communicate with a client), 1.5 (failure to refund unearned fees), 1.15 (failure to safekeep client funds and property), 1.16(d) (improper termination of representation), 3.4(c) (knowing failure to comply with orders of a tribunal), 5.5 (engaging in the unauthorized practice of law), 8.1 (failure to respond to a lawful demand for information from a disciplinary agency and failure to cooperate with the ODC), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of |4a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC).
Respondent failed to file a timely answer to the allegations of misconduct. Accordingly, the matter was submitted to the hearing committee on written argument and documentary evidence.

Recommendation of the Hearing Committee

The hearing committee determined the ODC proved by clear and convincing evidence violations of the professional rules. It noted that respondent intentionally violated duties owed to his clients, resulting in financial harm and other damage. The hearing committee did not recognize any mitigating factors. After considering respondent’s extensive prior disciplinary record,[4] the committee recommended that respondent be disbarred from the practice of law.
Neither respondent nor the ODC filed an objection to the recommendation of the hearing committee.

Recommendation of the Disciplinary Board

The disciplinary board adopted the findings of the hearing committee in all respects. It concluded respondent violated the professional rules charged, and that he |sacted intentionally, causing actual injury to his clients. Relying upon the ABA’s Standards for Imposing Lawyer Discipline, the board found the baseline sanction for respondent’s misconduct is disbarment.
The board found no mitigating factors were present. However, unlike the committee, it determined there were several aggravating factors present: prior discipline, selfish and dishonest motive, pattern of misconduct, multiple offenses, obstruction of the disciplinary process by failing to comply with rules of a disciplinary agency, lack of remorse, vulnerability of victims, substantial experience in the practice of law (admitted 1980), and indifference to making restitution.
Considering these facts, the board accepted the recommendation of the hearing committee. Accordingly, the board recommended respondent be disbarred from the practice of law. The board further recommended that respondent be ordered to make restitution to Mrs. Jones and Ms. Turner.
*939 Although neither respondent nor the ODC objected to the disciplinary board’s recommendation, this court, on its own motion, ordered briefing pursuant to Supreme Court Rule XIX, § 11(G)(1)(a). The court’s September 18, 2002 order directed the parties “to address whether the sanction of permanent disbarment pursuant to Supreme Court Rule XIX, Sections 10(a) and 24, as amended August 1, 2001, is appropriate under the facts of this case.”
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1816 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992).(j While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our review of the record, we find the charges against respondent have been proven by clear and convincing evidence. The record reveals respondent neglected his clients’ legal matters, faded to communicate with them and failed to return their fees, as well as failed to cooperate with the ODC in the disciplinary investigations. In addition, respondent knowingly practiced law while he was suspended by order of this court or otherwise ineligible to practice under the rules of this court.
Finding evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in fight of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As recognized by the board, the base-fine sanction for respondent’s misconduct is disbarment. Several aggravating factors exist, the most disturbing of which is respondent’s lengthy prior disciplinary record. It is readily apparent that respondent has not learned from his prior transgressions. Rather, respondent has flouted the authority of this court by practicing law in violation of this court’s orders. Under |7these circumstances, disbarment is the appropriate penalty. See In re: Jones, 99-1036 (La.10/19/99), 747 So.2d 1081 (attorney disbarred for engaging in the unauthorized practice of law on four occasions, after being suspended in the past for similar misconduct).
Accordingly, we will accept the disciplinary board’s recommendation and disbar respondent from the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Walter J. Crittenden be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make full restitution to his clients. All costs and *940 expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. We suspended respondent for one year, subject to a one-year period of supervised probation, for his neglect of legal matters and failure to cooperate with the ODC. In re: Crittenden, 95-2050 (La.1/16/96), 666 So.2d 649. Subsequently, respondent failed to comply with the terms of the probation. This court revoked respondent’s probation and suspended him from the practice of law for a period of one year and one day, with six months deferred, subject to an eighteen-month conditional probation. In re: Crittenden, 98-0970 (La.7/2/98), 717 So.2d 215. Respondent has not sought reinstatement with this court from that suspension.

. See supra note 1.

. Respondent was ineligible to practice law from May 30, 1995 to December 18, 1997 based on his failure to comply with the mandatory continuing legal education requirement.

. In addition to the suspensions referred to earlier, In re: Crittenden, 98-0970 (La.7/2/98), 717 So.2d 215, and In re: Crittenden, 95-2050 (La. 1/16/96), 666 So.2d 649, respondent was suspended for thirty days by this court in In re: Crittenden, 604 So.2d 1297 (La.1992), for neglect of a legal matter and failure to cooperate in a disciplinary investigation. Respondent has also been admonished on three occasions for failing to cooperate in a disciplinary investigation. 90-ADB-561 (1991), 92-ADB-041 (1993), and 92-ADB-041 (1993). Finally, he has been declared ineligible to practice on several occasions for failing to pay bar dues or comply with the mandatory continuing legal education requirement.