*319 ATTORNEY DISCIPLINARY PROCEEDINGS
liPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Walter J. Crittenden, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before addressing the instant charges, we find it helpful to review respondent’s prior disciplinary history. Respondent’s first contact with the disciplinary system occurred in 1991, when he was admonished by the disciplinary board for failing to cooperate with the ODC. One year later, in 1992, we suspended respondent for a period of thirty days based on his failure to appear before the ODC pursuant to a subpoena. In re: Crittenden, 604 So.2d 1297 (La.1992). In 1993, respondent was again admonished by the disciplinary board for failing to cooperate with the ODC.
In January 1996, we suspended respondent from the practice of law for a period of one year for fading to act with diligence in representing his clients, failure to communicate with his clients, misleading his clients concerning the status of their cases, failure to account for and refund unearned fees, and failure to cooperate with the ODC. In re: Crittenden, 95-2050 (La.1/16/96), 666 So.2d 649. Upon completing his suspension, respondent was reinstated to practice in April 1997 and placed on supervised probation for one year, subject to certain conditions. The ODC [^subsequently learned that respondent had violated the terms of his probation, and had engaged in the unauthorized practice of law during his 1996 suspension. The ODC filed a motion to revoke probation, which we granted effective July 2, 1998. In re: Crittenden, 98-0970 (La.7/2/98), 845 So.2d 1035. In the same order, we also placed respondent on immediate interim suspension and remanded the matter to the ODC “to conduct further investigation of the unauthorized practice of law allegations and [to] file formal charges as appropriate.”
Following remand, the ODC- filed five counts of formal charges against respondent in December 1998, alleging numerous violations of the Rules of Professional Conduct, including engaging in the unauthorized practice of law in February and August 1997, while respondent was suspended or otherwise ineligible to practice for failure to comply with the mandatory continuing legal education ■ requirement. Finding the ODC proved these charges by clear and convincing evidence, we disbarred respondent. In re: Crittenden, 01-1960 (La.1/24/03), 839 So.2d 936.
FACTS AND PROCEDURAL HISTORY
In January 2000, while he was on interim suspension, respondent accepted a fee *320 from Theresa Matthews and Stephone Hamilton to handle a criminal matter on behalf of Mr. Hamilton. Respondent did not advise Ms. Matthews or Mr. Hamilton that he had been on interim suspension since July 2,1998.
Respondent performed little work on his clients’ behalf and failed to adequately communicate with Ms. Matthews and Mr. Hamilton. Respondent also did not provide an accounting to his clients, nor did he refund the unearned portion of the legal fee he was paid.
|3In February 2000, Ms. Matthews filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed one count of formal charges against respondent, alleging that his conduct in the Hamilton matter violated numerous provisions of the Louisiana Rules of Professional Conduct, including Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.16(d) (termination of the representation), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate' with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.
| ¿Hearing Committee Recommendation
Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3), the hearing committee agreed that respondent violated the Rules of Professional Conduct as charged. After consideration of the ODC’s submission in response to the deemed admitted order,[1] the committee determined the baseline sanction for respondent’s misconduct is a suspension from the practice of law. The committee recognized no mitigating factors, but found numerous aggravating factors are present, namely respondent’s prior disciplinary offenses, dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding, vulnerability of the victim, and substantial experience in the practice of law (admitted 1980). Under these circumstances, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board determined respondent knowingly and intentionally violated duties owed to his clients and the legal profession. Ms. Matthews and *321 Mr. Hamilton were harmed by respondent’s fraudulent representations that he was eligible to practice law and to handle Mr. Hamilton’s legal matter. These representations deprived Ms. Matthews and Mr. Hamilton of the opportunity to timely obtain competent legal representation. Additionally, respondent fraudulently accepted funds from Ms. Matthews and Mr. Hamilton with the full knowledge that he was unable to practice law. The legal profession has been harmed by respondent’s unauthorized | .¡practice of law. Restrictions on the practice of law are designed to protect the public and the integrity of the judicial system, and to provide a means of regulation of the legal profession. Respondent’s failure to abide by these restrictions created the potential for injury to the public, the legal system, and the legal profession. Finally, the legal profession has also been harmed by respondent’s failure to cooperate in the disciplinary investigation of the complaints filed against him. An attorney’s failure to cooperate in a disciplinary investigation unjustly delays and imposes an additional burden upon the disciplinary system. The board determined the baseline sanction for respondent’s misconduct is disbarment.
The board concurred in the aggravating factors cited by the committee, and agreed the record does not support a finding of any mitigating factors.
In light of these considerations, the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence, the board found that disbarment is an appropriate sanction. However, recognizing that respondent engaged in the unauthorized practice of law while suspended, the board concluded that the sanction of permanent disbarment is warranted. The board also recommended respondent be ordered to make restitution to his clients, and that he be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Our review of the record demonstrates that the formal charges have been proven by clear and convincing evidence. Specifically, we find respondent intentionally | fiengaged in the authorized practice of law when he knew he was prohibited from doing so. The baseline sanction for such misconduct is unquestionably disbarment.
Having determined respondent must be disbarred, the only remaining question is whether his conduct is so reprehensible that he should be permanently prohibited from being readmitted to the practice of law. In Appendix E to Supreme Court Rule XIX, we have set forth several guidelines illustrating the types of cases which might warrant permanent disbarment. Guideline 8 applies to conduct involving the unauthorized practice of law during the period of time in which the lawyer is suspended from the practice of law or disbarred. Respondent’s conduct clearly falls within the scope of this guideline.
We do not lightly impose the sanction of permanent disbarment. In re: Morphis, 01-2803 (La.12/4/02), 831 So.2d 934. Nonetheless, we are firmly convinced that we would be remiss in our constitutional duty to regulate the practice of law if we did not impose that sanction here. Respondent’s actions in the instant matter, combined with his lengthy disciplinary record, convincingly demonstrate he does not possess the requisite moral fitness to practice law in this state. By his callous disre *322 gard for his clients and for the authority of this court, respondent has forfeited his right to practice law in the State of Louisiana. He must be permanently disbarred.
Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Walter J. Crit-tenden be permanently disbarred. Pursuant to Supreme Court Rule XIX, § 24(A), he shall be |7permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent filed nothing for the hearing committee’s consideration.