*570 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This matter arises from a petition for consent disbarment submitted by respondent, Archie L. Jefferson, an attorney licensed to practice law in the State of Louisiana but who is currently suspended from practice. The Office of Disciplinary Counsel (“ODC”) concurred in the petition, and the disciplinary board has recommended it be accepted. For the reasons that follow, we will accept the petition and disbar respondent from the practice of law in the State of Louisiana.
UNDERLYING FACTS

Count I

On February 19, 1993, this court rendered judgment suspending respondent from the practice of law for a period of two and one-half years. In re: Jefferson, 613 So.2d 959 (La.1993). He has never applied for, nor been granted, reinstatement to the practice of law.[1] In December of 1995, respondent was convicted in Criminal District Court for the Parish of Orleans on charges of engaging in the unauthorized practice of law in violation of La. R.S. 37:213. He received a suspended six-month [^sentence and was placed on inactive probation for six months. Subsequently, respondent failed to cooperate with the ODC in its disciplinary investigation of this matter.

Count II

Sometime in 1993, Terrence V. Ford retained respondent to represent him in a workers’ compensation matter. The representation began and continued at a time when respondent was suspended from the practice of law. Respondent settled the matter without his client’s knowledge, consent, or permission and converted the funds to his own use. Subsequently, respondent failed to cooperate with the ODC in its disciplinary investigation of this matter.

Count III

Ernest Kennedy retained respondent in 1994 to represent him in a worker’s compensation matter. The representation be *571 gan and continued at a time when respondent was prohibited by this court from engaging in the practice of law. Respondent settled the matter for $2,210 without his client’s knowledge, consent, or permission and converted the funds to his own use. Subsequently, respondent failed to cooperate with the ODC in its disciplinary investigation.

Count IV

Lorita Gamble retained respondent in 1996 for $1,100 to represent her in a tax matter against the City of New Orleans. The representation began and continued at a time when respondent was prohibited by this court from engaging in the practice of law. Respondent performed no legal services and failed to return the unearned fee. 1 aSubsequently, respondent failed to cooperate with the ODC in its disciplinary investigation.

Count V

On February 19, 1999, respondent was convicted in Criminal District Court for the Parish of Orleans of three counts of issuing worthless checks totaling $1,267. The trial court sentenced respondent as a multiple offender to one year in jail with credit for time served.

Count VI

Lonnie Morris, Jr. retained respondent in 1989 to represent him in a workers’ compensation matter against the East Baton Rouge School Board. Respondent settled the matter for $15,000 without his client’s knowledge, consent, or permission and converted the funds to his own use.
DISCIPLINARY PROCEEDINGS

Formal Charges/Petition for Consent Discipline

After investigation, the ODC filed formal charges against respondent.[2] The charges alleged violations of the following Rules of Professional Conduct: Rules 1.4(a) (failure to communicate); 1.4(b) (failure to keep client reasonably informed); 1.15 (commingling and conversion of client funds); 5.5(a) (engaging in the unauthorized practice of law); 8.4(a) (violating or attempting to violate the Rules of Professional Conduct); 8.4(b) (commission of criminal act adversely reflecting on | ¿lawyer’s honesty, trustworthiness or fitness); 8.4(c) (conduct involving deceit, fraud and dishonesty); and 8.4(g) (failure to cooperate in disciplinary investigation).
Prior to the formal hearing, respondent filed the instant petition for consent discipline.[3] Respondent acknowledged he engaged in the unauthorized practice of law, neglected his clients’ matters, issued worthless checks and failed to communicate with his clients regarding their settlements. He also admitted to conversion and commingling of clients’ funds, although he claimed he did not do so intentionally. Further, respondent conceded he failed to initially cooperate with the ODC. In mitigation, respondent raised his inexperience in the practice of law, his *572 personal and substance abuse problems, the delay in the disciplinary proceedings, his interim rehabilitation, the imposition of other penalties or sanctions, and his remorse. As a sanction, respondent proposed he be disbarred from the practice of law. The ODC filed a concurrence to the petition for consent discipline.

Disciplinary Board Recommendation

Both parties waived their appearance at the formal hearing. In light of respondent’s admission to the allegations of misconduct, the board concluded respondent knowingly and intentionally violated the professional rules as charged and, in doing so, breached his duties owed to his clients, the public, the legal system and to the profession. Specifically, the board pointed out there was great harm to Mr. Morris when respondent settled Mr. Morris’ worker’s compensation claim without | ¡¡consent for $15,000, and forged and converted the funds to his own use. As to the remaining counts, the board recognized that the potential injury to respondent’s clients was great.[4] Based on these factors, the board recommended the court accept the proposed consent discipline and disbar respondent.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent admitted he repeatedly engaged in the practice of law while he knew he was ineligible to do so. Unauthorized practice of law by a suspended attorney is a serious violation of the professional rules. In re Richard, 00-1418 (La.8/31/00), 767 So.2d 36 (attorney without a prior disciplinary record was disbarred for engaging in the unauthorized practice of law while ineligible for more than six years); In re: Jones, 99-1036 (La.10/19/99), 747 So.2d 1081 (attorney disbarred for | engaging in the unauthorized practice of law on four occasions, after being suspended in the past for similar misconduct).
Likewise, respondent admitted he commingled and converted client funds, resulting in actual and potential injury to his clients. Such conduct by itself is often grounds for disbarment. See Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986).
Although several mitigating factors are present, we find these factors, when weighed against respondent’s professional misconduct, are insufficient to justify a sanction less than disbarment. Accordingly, we will accept the joint petition for consent discipline and disbar respondent from the practice of law.
*573 DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Archie L. Jefferson be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. For purposes of Supreme Court Rule XIX § 24(A), the effective date of this disbarment shall commence from the finality of this judgment. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in this decision.

. This court's judgment of February 19, 1993, suspending respondent for two and one-half years, was made retroactive to his interim suspension of December 14, 1990, making him immediately eligible for reinstatement at the time the suspension was imposed.

. The formal charges initially included a seventh count, which alleged respondent converted settlement proceeds received by him on behalf of a client. This count was later dropped by the ODC when respondent produced evidence he had reimbursed the client for the settlement amount.

. Respondent had previously submitted a petition for consent discipline, seeking disbarment retroactive to February 19, 1993 (the day he would have been eligible for reinstatement from his prior suspension) with the condition he not seek readmission for a period of two years. The disciplinary board rejected the petition, on the ground it would violate the five-year minimal period for seeking readmission, as mandated by Rule XIX, § 24. This court denied respondent's application seeking review of that action. In re Jefferson, 00-1420 (La.8/31/00), 766 So.2d 1277.

. The board indicated that none of the clients in Counts II IV sustained actual losses as a result of respondent's conduct. In Count II, the Terrence Ford matter, the board noted the ODC failed to submit any evidence in support of the conversion allegations. In Count III, the board found Mr. Kennedy subsequently sought new counsel and received a settlement. In Count IV, the board found Ms. Gamble’s taxes were satisfied by respondent.