ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Archie L. Jefferson, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Respondent was admitted to the practice of law in Louisiana in 1987. On February 19, 1993, this court suspended respondent for two and one-half years, retroactive to December 14, 1990, the date of his interim suspension. In re: Jefferson, 613 So.2d 969 (La.1993). Respondent did not apply for reinstatement following his suspension, nor was he ever reinstated. In December 1995, respondent was convicted of the unauthorized practice of law. He was disbarred for that and other serious professional misconduct on June 15, 2001. In re: Jefferson, 01-1296 (La.6/15/01), 789 So.2d 569.
UNDERLYING FACTS
As a result of his prior disciplinary proceedings, respondent has been prohibited from practicing law since December 14, 1990. Nevertheless, between June 1, 2000 and September 21, 2001, respondent practiced law in a corporate legal dispute involving B & C Broadcasting, Inc. Specifically, in the matters entitled Vera S. Foster, et al. v. B & C Broadcasting, Inc., et al., No. 99-0674 on the docket of the United States District Court for the Western District of Louisiana, and Vera S. Foster, et al. v. Faye Brown Blackwell, et al., No. 96-5298 on the docket of the 14th Judicial District Court for the Parish of Calcasieu, respondent notarized signatures on an escrow agreement, conducted settlement negotiations with opposing counsel, signed pleadings, and engaged in other activities which constitute the practice of law.
DISCIPLINARY PROCEEDINGS
On November 8, 2002, the ODC filed one count of formal charges against respon *504 dent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 5.5(a) (engaging in the unauthorized practice of law), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). The formal charges were served upon respondent by certified mail received on November 20, 2002.[1]
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

\ ¡¡Hearing Committee Recommendation

After consideration of the ODC’s submission in response to the deemed admitted order,[2] the hearing committee agreed that respondent violated Rules 5.5, 8.4(a), and 8.4(c) of the Rules of Professional Conduct. The committee made no specific findings regarding the alleged violations of Rules 8.4(b) and 8.4(d). The committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3), the disciplinary board agreed that respondent violated the Rules of Professional Conduct as charged. The board determined that respondent knowingly, if not intentionally, violated duties owed to the public, the legal system, and the profession. The legal profession has been harmed by respondent’s unauthorized practice of law. Restrictions on the practice of law are designed to protect the public, protect the integrity of the judicial system, and provide a means of regulation of the legal profession. Respondent’s failure to recognize these restrictions created the potential for injury to the public and the legal system. The board determined the baseline sanction for respondent’s misconduct is disbarment.
The board recognized the following aggravating factors are present: prior disciplinary offenses, a pattern of misconduct, obstruction of the disciplinary process, Hand refusal to acknowledge the wrongful nature of the conduct. The board found no mitigating factors are present.
In light of these considerations, the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence, the board found that disbarment is an appropriate sanction. However, recognizing that respondent engaged in the unauthorized practice of law while disbarred, the board concluded that permanent disbarment is warranted. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
*505 Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case support a finding that respondent engaged in the unauthorized practice of law after being disciplined by this court. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
| ^Respondent’s conduct clearly violated duties owed to the public, the legal system, and the profession. Unquestionably, the baseline sanction for such misconduct is disbarment. Numerous aggravating factors are present, but we are unable to determine any mitigating factors from the record.
Having found disbarment is the appropriate sanction, the sole remaining issue presented for our consideration is whether respondent’s conduct is so egregious that he should be permanently prohibited from seeking readmission to the practice of law.
In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent ■ disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct we might consider worthy of permanent disbarment.
For purposes of the instant case, Guidelines 8 and 9 are relevant. Those guidelines detail the following conduct:
GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
Guideline 8 is clearly applicable to this case, as the undisputed evidence shows that respondent handled a corporate legal dispute after his license to practice law was suspended by this court in 1990, and continuing after his law license , was revoked in |r,2001. Likewise, Guideline 9 is implicated, as the instant misconduct, which is unquestionably serious attorney misconduct, was preceded by respondent’s disbarment for prior instances of serious attorney misconduct.
We do not lightly impose the sanction of permanent disbarment. In re: Morphis, 01-2803 (La.12/4/02), 831 So.2d 934. Nonetheless, we are firmly convinced that we would be remiss in our constitutional duty to regulate the practice of law if we did not impose that sanction here. Respondent has flouted the authority of this *506 court by practicing law after being prohibited from doing so. In the face of this indisputable evidence of a fundamental lack of moral character and fitness, we can conceive of no circumstance under which we would ever grant readmission to respondent. Accordingly, he must be permanently disbarred.
Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Archie L. Jefferson be permanently disbarred. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The return receipt card was signed by respondent personally.

. Respondent filed nothing for the hearing committee's consideration.