ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael F. Melton, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
*282 UNDERLYING FACTS
On May 30, 2003, we suspended respondent from the practice of law for a period of three years. In re: Melton, 03-0516 (La.5/30/03), 848 So.2d 519 (“Melton I”).[1] Respondent did not apply for a rehearing of our judgment; accordingly, the judgment became final and his suspension became effective on June 13, 2003. Nevertheless, respondent appeared in court as counsel for the defendant, Clarence Foy, on June 26, 2003, July 10, 2003, and July 17, 2003, during motion hearings in the matter entitled State v. Foy, No. 436-990 on the docket of the Orleans Parish Criminal District Court.
The Court of Appeal, Fourth Circuit notified the ODC of respondent’s misconduct by correspondence dated August 11, 2003. The ODC forwarded a copy of the complaint to respondent by certified mail on August 20, 2003. Respondent | ¡¡refused to claim the certified mail, and accordingly, the ODC’s investigator personally served respondent with a copy of the complaint. Respondent failed to reply to the complaint, necessitating the issuance of a subpoena compelling him to appear on October 8, 2003 and answer the complaint under oath. Respondent failed to appear on that date.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rules 5.5(a) (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. The formal charges were served upon respondent by certified mail.[2]
Respondent did not file an answer to the formal charges, and the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence. Thereafter, respondent requested to be heard in mitigation, and the matter was set for a hearing before the hearing committee for that purpose. Despite notice, respondent did not appear at the hearing.

Hearing Committee Recommendation

The hearing committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Respondent appeared in court as counsel for a criminal defendant after his suspension in Melton I was final. This conduct may have constituted grounds upon which to overturn the defendant’s [■¡conviction or guilty plea, and was substantially prejudicial to the administration of justice. Respondent also refused to cooperate with the ODC in its investigation of this matter. The baseline sanction for respondent’s misconduct is disbarment.
The committee found the following aggravating factors are present: prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law (admitted 1986), and illegal conduct. The committee found there are no mitigating factors.
*283 Because respondent intentionally engaged in the practice of law at a time when his license was suspended and when he knew he was prohibited from practicing, and considering the absence of mitigating circumstances, the committee recommended that respondent be permanently disbarred.

Disciplinary Board Recommendation

The disciplinary board agreed that respondent violated the Rules of Professional Conduct as charged in the formal charges. The board found that respondent intentionally violated duties owed to the legal system and the profession. Respondent’s representation of a defendant in a criminal proceeding at a time when he was suspended from practicing law could have tainted the proceeding. Actual injury to the disciplinary system is present in that the system’s resources were unduly depleted because of respondent’s failure to cooperate with the ODC in its investigation of this matter.
The board adopted the aggravating factors found by the hearing committee, and agreed that no mitigating circumstances are present.
|4The board then turned to a discussion of the sanction of permanent disbarment. Respondent’s conduct fits within Guideline 8 of the permanent disbarment guidelines, which provides that permanent disbarment may be warranted for “following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.” Here, respondent received a three-year suspension in Melton I, which became final on June 13, 2003. Despite this suspension, respondent appeared in criminal court as counsel for the defendant in the Foy case on June 26, 2003, July 10, 2003, and July 17, 2003. Such action clearly shows respondent’s disregard for his client and for the authority of this court.
Further, Guideline 9 provides that permanent disbarment may be considered for instances of serious attorney misconduct which are “preceded by suspension or disbarment for prior instances of serious attorney misconduct.” Serious attorney misconduct is defined for purposes of the guidelines as “any misconduct which results in a suspension of more than one year.” Respondent’s actions in the instant proceeding unquestionably constitute serious attorney misconduct, and were preceded by respondent’s three-year suspension in 2003.
The board concluded that respondent’s actions in the instant matter, combined with his previous misconduct, demonstrate that he should be permanently disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
| ¡¿DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after *284 those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
Based on the deemed admitted facts and other evidence in the record, we find respondent violated the Rules of Professional Conduct as charged. The undisputed evidence establishes that respondent knowingly practiced law after being suspended by this court.
Having found violations of the Rules of Professional Conduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
It is well settled in the jurisprudence that the unauthorized practice of law by a suspended attorney is a serious violation of the professional rules. Disbarment is clearly appropriate for such misconduct. However, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct we might consider worthy of permanent disbarment.
For purposes of the instant case, Guidelines 8 and 9 are relevant. Those guidelines detail the following conduct:
GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
^Guideline 8 is clearly applicable to this case, as the undisputed evidence shows that respondent represented a defendant in Orleans Parish Criminal District Court on three occasions after we suspended his law license in 2003.
Likewise, Guideline 9 is implicated. Respondent’s unauthorized practice of law is unquestionably serious attorney misconduct and was preceded by his three-year suspension in Melton I for prior instances *285 of serious attorney misconduct. In this regard, it is significant that one of the charges for which we disciplined respondent in Melton I was practicing law while he was ineligible to do so. Nonetheless, respondent engaged in similar misconduct in the days and weeks after his suspension in Melton I became final.
In In re: Jefferson, 04-0239 (La.6/18/04), 878 So.2d 503, we addressed a case in which the attorney practiced law after he was previously disciplined for the unauthorized practice of law. In concluding the attorney must be permanently disbarred, we stated:
Respondent has flouted the authority of this court by practicing law after being prohibited from doing so. In the face of this indisputable evidence of a fundamental lack of moral character and fitness, we can conceive of no circumstance under which we would ever grant readmission to respondent. Accordingly, he must be permanently disbarred.
As in Jefferson, respondent’s actions reveal a fundamental lack of moral character and fitness. Given these facts, we can conceive of no circumstance under which we would ever grant readmission to respondent.
Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
I ¡¿DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Michael F. Melton, Louisiana Bar Roll No. 17323, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The misconduct at issue in that case arose from three separate sets of formal charges, involving neglect of legal matters, failure to communicate with clients, failure to account for or refund unearned fees, making false statements to a tribunal, practicing law while ineligible to do so, engaging in dishonest and deceitful conduct and conduct prejudicial to the administration of justice, and failure to cooperate with the ODC.

. The return receipt card was signed by respondent personally.