998 So.2d 73 (2009)
In re David P. LaNASA.
No. 2008-B-2294.
Supreme Court of Louisiana.
January 9, 2009.

*74 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, David P. LaNasa, a suspended attorney.

UNDERLYING FACTS
In 1993, respondent was suspended from the practice of law for two years after he used client funds without authorization and made false statements on his application to the Mississippi Board of Bar Admissions. In re: LaNasa, 625 So.2d 1337 (La. 1993). He never applied for reinstatement from this suspension. Thus, he remains suspended from the practice of law.
Nevertheless, in 2004, respondent represented Matthew Russell on criminal charges. He made two appearances in Orleans Parish Criminal District Court and attempted to negotiate a plea agreement on Mr. Russell's behalf.

DISCIPLINARY PROCEEDINGS
In August 2005, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rule 5.5(a) (engaging in the unauthorized practice of law) of the Rules of Professional Conduct. The formal charges were served upon respondent by certified mail delivered on August 12, 2005.
Respondent did not file an answer to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence, pursuant to Supreme *75 Court Rule XIX, § 11(E)(3). Thereafter, respondent indicated he did not wish to refute the formal charges but requested to be heard in mitigation. Pursuant to Rule XIX, § 11(E)(4), the matter was set for a hearing before the hearing committee.

Hearing Committee Report
Considering the deemed admitted facts and the evidence introduced at the hearing in mitigation, the hearing committee found that respondent engaged in the unauthorized practice of law while under an order of suspension. Based on this factual finding, the committee determined that respondent violated Rule 5.5(a) and portions of Rule 8.4 (misconduct).[1]
The committee determined that the criminal proceedings were stopped before any harm occurred, but the potential for harm was great. The committee also determined that the baseline sanction is disbarment.
In aggravation, the committee found prior disciplinary offenses,[2] bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, and substantial experience in the practice of law (admitted 1980). As mitigating factors, the committee noted the absence of a dishonest or selfish motive, remoteness of prior offenses, and respondent's self-imposed suspension for the past twelve years.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for two years.
The ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After review, the disciplinary board determined that the hearing committee properly found respondent violated Rule 5.5(a). By representing Mr. Russell in criminal court on two occasions and by negotiating with the district attorney's office while he was suspended from the practice of law, respondent engaged in the unauthorized practice of law. The board also determined that the committee correctly determined respondent violated Rules 8.4(a), (b), (c), and (d).
The board found that respondent intentionally violated duties owed to the public, the legal system, and the legal profession. Although the actual harm was minimal, the potential harm was great. Citing the ABA's Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is disbarment. The board also agreed with the aggravating and mitigating factors found by the committee, except the mitigating factor of a twelve-year self-imposed suspension.
Turning to the issue of an appropriate sanction, the board indicated that Guidelines 8 and 9 of the permanent disbarment guidelines listed in Appendix E of Supreme Court Rule XIX speak directly to respondent's misconduct. These guidelines are as follows:
GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent *76 to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
The board also cited the case of In re: Thomas, 07-1616 (La.1/16/08), 973 So.2d 686, wherein this court imposed permanent disbarment for similar misconduct. In summary, the board noted, "although he has acknowledged the wrongfulness of his actions, [respondent's] present misconduct is a serious transgression made after an already extensive disciplinary history. These facts all reveal a lack of respect for the rule of law, which respect is necessary to practice as a licensed attorney in this State."
Accordingly, the board recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this case support a finding that respondent engaged in the unauthorized practice of law after being suspended in 1993. He made two appearances in Orleans Criminal District Court on behalf of Matthew Russell, including Mr. Russell's arraignment, and attempted to negotiate a plea agreement on behalf of Mr. Russell.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana *77 State Bar Ass'n v. Whittington, 459 So.2d 520 (La. 1984).
As noted by the disciplinary board, respondent's conduct falls squarely within Guidelines 8 and 9 of the permanent disbarment guidelines. Guideline 8 is clearly applicable to this case, as the undisputed evidence shows that respondent represented Mr. Russell while he was suspended from the practice of law. Likewise, Guideline 9 is implicated, as the instant misconduct, which is unquestionably serious attorney misconduct, was preceded by respondent's two-year suspension for prior instances of serious attorney misconduct.
In In re: Jefferson, 04-0239 (La.6/18/04), 878 So.2d 503, we addressed a case in which the attorney engaged in the unauthorized practice of law. In concluding the attorney must be permanently disbarred, we stated:
Respondent has flouted the authority of this court by practicing law after being prohibited from doing so. In the face of this indisputable evidence of a fundamental lack of moral character and fitness, we can conceive of no circumstance under which we would ever grant readmission to respondent. Accordingly, he must be permanently disbarred.
Similarly, in the instant case, we find respondent's failure to respect the authority of this court clearly demonstrates that he lacks the moral character and fitness to engage in the practice of law in this State. Accordingly, we will accept the disciplinary board's recommendation and permanently disbar respondent.

DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that the name of David P. LaNasa, Louisiana Bar Roll number 7950, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
JOHNSON, J., dissents and would impose regular disbarment.
VICTORY, J., dissents and would impose disbarment rather than permanent disbarment.
WEIMER, J., dissents and would impose disbarment as opposed to permanent disbarment.
WEIMER, J., dissenting.
I believe disbarment, as opposed to permanent disbarment, would adequately serve the goals of our disciplinary system.
NOTES
[1] The committee listed subsections (a) (violation of the Rules of Professional Conduct), (b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), (c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (d) (engaging in conduct prejudicial to the administration of justice), and (f) (knowingly assisting a judge or judicial officer in conduct that is a violation of applicable Rules of Judicial Conduct or other law) of Rule 8.4.
[2] In addition to his suspension, respondent has been admonished on three prior occasions.