*730
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 | j This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Vincent C. Cofield, a disbarred attorney. For the reasons that follow, we now permanently disbar respondent.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. After being admitted to the practice of law in Louisiana in 1986, respondent’s first disciplinary infraction occurred in November 1999, when he was admonished by the disciplinary board for neglecting a legal matter.
 

 In 2004, the ODC filed a motion with this court requesting that respondent be placed on interim suspension for threat of harm pursuant to Supreme Court Rule XIX, § 19.2. In support, the ODC alleged that several charges involving mishandling of client funds were pending against respondent. On March 23, 2004, we granted the motion, placed respondent on interim suspension, and remanded the matter to the disciplinary board for consideration of the underlying charges.
 
 In re: Cofield,
 
 04-0033, 04-0558 (La.3/23/04), 869 So.2d 784.
 

 Following our order of remand, the disciplinary board considered three sets of formal charges against respondent for misconduct occurring between 1999 and 2003. | {.These charges alleged that respondent failed to competently discharge his fiduciary obligations as trustee, failed to place disputed funds in a trust account, failed to timely remit settlement funds to his client, failed to provide his client with the re
 
 *731
 
 quested accountings of fees or the requested copies of work done in the case, failed to promptly refund an unearned fee, and failed to cooperate with the ODC in its investigation. The board found these charges were proven, and recommended respondent be disbarred. On September 1, 2006, we accepted that recommendation and disbarred respondent retroactive to March 23, 2004, the date of his interim suspension.
 
 In re: Cofield,
 
 06-0577 (La.9/1/06), 937 So.2d 330
 
 (“Cofield I”).
 

 Respondent has not sought readmission and remains disbarred. Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 UNDERLYING FACTS
 

 The ODC filed two sets of formal charges against respondent. The first set of formal charges, consisting of one count and bearing the disciplinary board’s docket number 08-DB-006, was filed January 9, 2008. The second set of formal charges, filed August 4, 2008 under the disciplinary board’s docket number 08-DB-064, likewise consists of one count. The two sets of formal charges were consolidated by order of the hearing committee chair dated December 4, 2008.
 

 05-DB-006
 

 Count I
 
 — The
 
 Hayward Matter
 

 As discussed earlier, this court’s September 1, 2006 judgment in
 
 Cofield I
 
 disbarred respondent retroactive to the date of his March 23, 2004 interim suspension. |3On or about January 7, 2007, long after the judgment in
 
 Cofield I
 
 became final, respondent contacted the Forcht-Wade Correctional Center and attempted to schedule an attorney phone call with prison inmate Dannie Hayward. In arranging the call, respondent provided his bar roll number and represented himself as actively engaging in the practice of law.
 

 In January 2007, Mr. Hayward filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, necessitating the issuance of a subpoena to take his sworn statement. Respondent failed to appear for the sworn statement.
 

 The ODC alleged that respondent’s conduct violated the following Rules of Professional Conduct: Rules 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness to practice law), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
 

 08-DB-06I
 

 Count II
 
 — The
 
 Drug Paraphernalia Matter
 

 In September 2007, police officers responded to a report of a disturbance at an apartment in the City of Natchitoches. Respondent was present at the apartment. The police officers checked for active warrants on all subjects at the scene, and discovered respondent had an outstanding bench warrant for failure to appear in court in connection with an expired driver’s license. During the course of arresting ^respondent, the officers determined he had in his possession a “small homemade pipe.” Respondent was eventually charged with possession of drug paraphernalia.
 
 [1]
 
 In October 2007, respondent ap
 
 *732
 
 peared in Natchitoches City Court and pled guilty. He was sentenced to thirty days in jail with credit for time served.
 

 The ODC alleged that respondent’s conduct violated the following Rules of Professional Conduct: Rules 8.4(a), 8.4(b) and 8.4(d).
 

 DISCIPLINARY PROCEEDINGS
 

 Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the chair of the hearing committee signed an order providing that factual allegations contained in the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.
 

 Subsequently, respondent filed an “Opposition to Motion to Declare Factual Allegations Deemed Admitted.” In his opposition, respondent explained that he had been “incarcerated from about September 19, 2007 through about February 24, 2008,” and that he only learned of the charges after his release.
 

 | r,Based on respondent’s motion, the chair of the hearing committee recalled the deemed admitted order, and gave respondent twenty days to file an answer to the charges. Respondent failed to file an answer within this deadline. As a result, the chair reinstated the deemed admitted order.
 

 Hearing Committee Report
 

 After consideration of the consolidated charges, the hearing committee found that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, the committee found respondent knowingly and intentionally engaged in the practice of law while ineligible to do so, was convicted of a drug offense, and failed to cooperate with the ODC in a disciplinary investigation.
 

 The committee identified several aggravating factors, the most significant of which was respondent’s prior disbarment in
 
 Cofield I.
 

 [2]
 

 The committee found no mitigating factors.
 

 After reviewing the jurisprudence, the committee concluded a “very stiff sanction” was generally warranted for similar misconduct. Accordingly, the committee recommended “a sanction of disbarment, but not permanent disbarment, in the hope that Respondent will work to earn back the trust of his peers in the community and subsequently be allowed to return to the practice of law.”
 

 Disciplinary Board Recommendation
 

 Neither respondent nor the ODC filed a formal objection to the hearing commit
 
 *733
 
 tee’s report with the disciplinary board. However, in its brief to the | ^disciplinary board, the ODC suggested that permanent disbarment may be appropriate in this case.
 

 Respondent filed a reply to the ODC’s brief, arguing that he did not intentionally misrepresent himself as a licensed attorney. Respondent contended the charges were “unsubstantiated by clear and convincing evidence,” and asked that the board dismiss the charges, as “no intentional violation of any rule has occurred.” Finally, respondent represented that he completed a drug treatment program.
 

 After reviewing this matter, the disciplinary board found that the deemed admitted facts support the conclusion that respondent violated the Rules of Professional Conduct as alleged in both sets of formal charges. The board determined that respondent, while disbarred, misrepresented himself as an active attorney to a state corrections officer, and attempted to schedule an attorney-client telephone call with a prison inmate.
 
 [3]
 
 It further found respondent failed to cooperate with the ODC by failing to respond to a complaint filed against him, and failing to comply with an investigatory subpoena. Finally, the board concluded the record established respondent pled guilty to the crime of possessing drug paraphernalia.
 

 The board determined that respondent violated duties owed to the legal system, the profession and the public. It noted that respondent’s conduct, by its very nature, was both knowing and intentional. Additionally, the board recognized the potential for injury to the legal system and the public was serious. Relying on Standard 5.11 |7of the ABA’s Standards for Lawyer Discipline,
 
 [4]
 
 the board concluded the baseline sanction for respondent’s misconduct is disbarment.
 

 In aggravation, the board recognized the following factors: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge wrongful nature of the conduct, vulnerability of the victim, and illegal conduct. The board found no mitigating circumstances were present.
 

 After considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended that respondent be permanently disbarred.
 
 [5]
 

 Neither respondent nor the ODC objected to the disciplinary board’s recommenda
 
 *734
 
 tion. Accordingly, the matter was presented to this court for entry of an order of discipline pursuant to Supreme Court Rule XIX, § ll(G)(a).
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an | independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar AsS’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The deemed admitted facts and other evidence in the record of this matter clearly support the conclusion that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, the record demonstrates that respondent attempted to hold himself out as a lawyer after being disbarred by this court. Additionally, respondent pled guilty to criminal conduct involving the possession of drug paraphernalia. It is clear the baseline sanction for respondent’s misconduct, which involves elements of deceit and misrepresentation, is disbarment.
 

 As found by the disciplinary board, there are numerous aggravating factors in this case, including prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of his conduct, vulnerability of the victim, and | gillegal conduct. We are unable to identify any mitigating factors based on the information contained in the record.
 

 Given the numerous aggravating factors and lack of any mitigating factors, we find there is no basis to deviate from the baseline sanction of disbarment. Rather, the sole remaining inquiry is whether respondent’s misconduct is so egregious that he should be permanently prohibited from seeking readmission to the practice of law.
 

 In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct the court might consider worthy of permanent disbarment.
 

 For purposes of the instant case, Guideline 8 is relevant. That guideline provides permanent disbarment is appropriate when the respondent engages “in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.”
 

 Guideline 8 is clearly applicable to respondent’s misconduct. In
 
 Cofield I,
 
 we
 
 *735
 
 revoked respondent’s license to practice law in this state. In flagrant disregard of that order, respondent falsely held himself out to prison officials as a licensed attorney, and sought to avail himself of privileges granted to attorneys in good standing. Such callous disregard for the authority of this court constitutes “indisputable evidence of a fundamental lack of moral character and fitness,” warranting permanent disbarment.
 
 In re: Jefferson
 
 04-0239 (La.6/18/04), 878 So.2d 503.
 

 l1flIn light of this blatant misconduct, we can conceive of no circumstance under which we would grant readmission to respondent. Therefore, we find the disciplinary board’s recommendation of permanent disbarment is appropriate.
 

 Accordingly, we will accept the disciplinary board’s recommendation and permanently disbar respondent.
 

 DECREE
 

 Upon review of the findings and recommendations of the disciplinary board, and considering the record, it is ordered that the name of Vincent C. Cofield, Louisiana Bar Roll number 17514, be stricken from the roll of attorneys, and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this State. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 JOHNSON, J., dissents.
 

 [1]
 

 . The formal charges indicate respondent pled guilty to a violation of La. R.S. 40:1033.
 
 *732
 
 However, that statute pertains to permit applications involving the humane euthanasia of animals. We believe the correct statute is La. R.S. 40:1023(C), which provides:
 

 C. It is unlawful for any person to use, or to possess with intent to use, any drug paraphernalia, to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this Part.
 

 [2]
 

 . Although the committee did not specifically identify any other aggravating factors, it presumably accepted the aggravating factors listed in the ODC's brief: prior discipline, dishonest or selfish motive, pattern of misconduct, bad faith obstruction of the disciplinary process, refusal to acknowledge wrongful nature of conduct, vulnerability of the victim, substantial experience in the practice of law, and illegal conduct.
 

 [3]
 

 . The board noted that respondent's explanation that he did not represent himself to be an attorney is illogical, given that the state correction personnel would have no reason to ask respondent for his bar roll number if he had explicitly identified himself as being ineligible to practice law, as respondent claims.
 

 [4]
 

 . Standard 5.11 provides, in pertinent part: Disbarment is generally appropriate when:
 

 [[Image here]]
 

 (B) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
 

 [5]
 

 .The board noted that the hearing committee declined to impose permanent disbarment in the hope that respondent could be rehabilitated. However, the board found the hearing committee's rationale cannot be supported, given that this case is "deemed admitted," respondent presented no evidence, and there are no mitigating factors of record. The board pointed out that "[t]he mere hope of a lawyer’s rehabilitation is not only an intangible criterion which appears nowhere in Rule XIX or in the ABA Standards, but hope is also something that could be said to apply in every case."