*1163 ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Karl J. Kirchberg, an attorney licensed to practice law in Louisiana, but currently on interim suspension.
UNDERLYING FACTS
On June 29, 2000, the United States Attorney for the Eastern District of Louisiana filed a bill of information against respondent, charging him with one count of violating 18 U.S.C. § 1341, mail fraud, in the amount of at least $40,000. According to the bill of information, during a 3^-year period between January 1996 and August 1999, respondent used persons known as “runners” to solicit personal injury clients for his law practice. Respondent paid the runners approximately $200 in cash per client referred. As a means to defray the cost of paying the runners, respondent entered into an arrangement with certain medical providers whereby the medical providers paid respondent a sum of money in exchange for respondent’s referral of his clients to the providers for medical treatment.[1] Respondent did not disclose to his clients that he had received these “kickback” payments from the medical providers, and the clients did not share in nor were they offered a share in the kickback proceeds. Likewise, respondent did not disclose to any insurance | ¡.companies that he had used runners to solicit clients, nor did he disclose the kickback arrangement with the medical providers, thereby making it less likely that the insurers would question the validity or the amount of the claims submitted to them.
On August 23, 2000, respondent pleaded guilty to mail fraud as charged in the bill of information, a felony under federal law. The factual basis for respondent’s guilty plea, which is signed by two Assistant United States Attorneys and respondent and his counsel of record, states that were the matter brought to trial, the United States would prove the following beyond a reasonable doubt:
Karl J. Kirchberg was an attorney licensed to practice law in the State of Louisiana. Beginning on or about January 11, 1996, and continuing to on or about August 19, 1999, Karl J. Kirch-berg in connection with his law practice used individuals known as “runners” to solicit personal injury clients for his law practice. The runners were paid approximately between $200.00 and $500.00 cash per client referred.
At some later date, and as a means to partially defray the cost of the runners, Kirchberg entered into an arrangement with certain medical providers pursuant to which those medical providers would pay Kirchberg an amount in exchange for a client of Mr. Kirchberg that saw the medical provider for treatment. These medical provider payments to Kirchberg were not disclosed to the clients who saw the medical provider for treatment and the client was not credit *1164 ed with the amount of the proceeds Kirchberg received from the medical provider. Kirchberg also did not disclose to any insurance company that may be liable to Kirchberg’s client for indemnity that he had received the case by means of solicitation with the assistance of a runner. Likewise, Kirchberg did not disclose that in certain cases he had received a payment from the medical provider in connection with a case, with the knowledge and intent that such a disclosure would have made it more likely that the client may have questioned the amount they received in settlement or that an affected insurance company may have questioned the amount paid in settlement. These non-disclosures, considered as a whole, effected a fraud as described hereinabove. To carry out the conduct described above, Kirchberg caused settlement statements and checks issued in 1 ^connection with personal injury settlements to be mailed through the United States Postal Service during the relevant time period.
On January 18, 2001, the district court sentenced respondent to serve four months in a halfway house, followed by three years of supervised release. Respondent was also fined $20,000.
DISCIPLINARY PROCEEDINGS
On October 4, 2000, we placed respondent on interim suspension based upon his conviction of a serious crime and ordered that disciplinary proceedings be instituted. In re: Kirchberg, 00-2699 (La.10/4/00), 769 So.2d 1179. Thereafter, respondent and the ODC filed a petition for consent discipline in this court, proposing that respondent be disbarred. On September 21, 2001, we rejected the proposed consent discipline and remanded the case for further proceedings, with the instruction that the hearing committee and disciplinary board “may consider recommendation of the sanction of permanent disbarment, if appropriate, pursuant to Supreme Court Rule XIX, § 10(a) and § 24, as amended effective August 1, 2001.” In re: Kirchberg, 01-1935 (La.9/21/01), 794 So.2d 774.
On remand, the ODC filed one count of formal charges against respondent, alleging that his conviction constituted a violation of Rule 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Louisiana Rules of Professional Conduct. Respondent answered the formal charges and admitted his conviction, but denied that permanent disbarment is appropriate in this case.

\ ¿Hearing Committee Recommendation

Based on the record of the federal criminal proceedings, the hearing committee found respondent admitted to having paid runners to solicit personal injury clients and to having entered into an arrangement with medical providers whereby he was paid for referring clients to the medical provider for treatment. Finding such conduct fits Guideline 6 of the permanent disbarment guidelines set forth in Appendix E to the Rules of Lawyer Disciplinary Enforcement,[2] the committee recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board found respondent violated Rule 8.4(b) of the Rules of Professional Conduct as evidenced by his felony conviction for *1165 mail fraud, runner-based solicitation, and illegal payments from physicians. The board found respondent intentionally violated duties owed to the public, causing serious injury to the public’s perception of the legal profession and those who practice it. The board concluded disbarment is the baseline sanction for respondent’s misconduct.
In aggravation, the board recognized respondent’s prior disciplinary offenses,[3] dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 1961), and illegal | .^conduct. The only mitigating factor found by the board is the imposition of other penalties or sanctions.
The board agreed with the hearing committee that Guideline 6 of the permanent disbarment guidelines is applicable to respondent’s conduct. Specifically, the board found respondent’s guilty plea encompasses fraud and runner-based solicitation. Accordingly, the board recommended respondent be permanently disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed a timely objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
Respondent was convicted of one count of mail fraud, a felony, in violation of 18 U.S.C. § 1341. The record before us demonstrates that respondent engaged in a pattern of fraudulent and deceitful conduct spanning a period of more than three years. |fiWe have not hesitated to disbar attorneys convicted of similar crimes. See, e.g., In re: Nevitte, 02-1962 (La.9/30/02), 827 So.2d 1135 (conspiracy to commit bank fraud and mail fraud); In re: Schneider, 97-2457 (La.1/30/98), 707 So.2d 38 (mail fraud, conspiracy to commit mail fraud, intentionally submitting false statements to a banking institution, and tax fraud); In re: Naccari, 97-1546 (La.12/19/97), 705 So.2d 734 (wire fraud); In re: King, 94-0686 (La.11/30/94), 646 So.2d 326 (aiding and abetting mad fraud). Numerous aggravating factors are present, including prior disciplinary offenses, dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and illegal conduct. Under these circumstances, we conclude disbarment is unquestionably the proper sanction.
The sole remaining issue presented for our consideration is whether respondent’s conduct is so egregious that he should be *1166 permanently prohibited from being readmitted to the practice of law.
In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful examples of the types of conduct we might consider worthy of permanent disbarment. Guideline 6 provides as follows:
The following guidelines illustrate the types of conduct which might warrant permanent disbarment....
GUIDELINE 6. Insurance fraud, including but not limited to staged accidents or widespread runner-based solicitation.
Respondent maintains this guideline does not apply to him, as he was convicted of mail fraud, not insurance fraud. However, as explained above, the guidelines are illustrative in nature and do not constitute an exclusive list of conduct for which an attorney may be permanently disbarred. Moreover, in assessing discipline in the case |7of an attorney who has been convicted of a crime, we have often looked beyond the title of the offense to the facts of the conviction to determine the appropriate sanction. For example, in In re: Huckaby, 96-2643 (La.5/20/97), 694 So.2d 906, the attorney was convicted of one count of misdemeanor failure to file his federal tax return for 1987. However, the record demonstrated the attorney had also failed to file his tax returns in a prompt fashion for twelve other years. We concluded these facts evidenced a pattern of misconduct and dishonest motive, justifying a more serious disciplinary sanction than might ordinarily be imposed for a single misdemeanor conviction.
In the same way, the underlying facts of respondent’s conviction demonstrate his conduct represents a very serious ethical breach. Respondent admitted that he paid runners to solicit personal injury clients for his law practice and that he received illegal payments from medical providers in exchange for referring his clients to the providers for medical treatment. Respondent did not disclose to any insurance companies involved in his clients’ personal injury cases that he had used runners to solicit the clients, nor did he disclose the arrangement with the medical providers, thereby making it less likely that the insurers would question the validity or the amount of the claims submitted to them. This conduct is precisely the type of reprehensible conduct we sought to address in Guideline 6.
In the final analysis, we must conclude respondent’s willful attempt to corrupt the administration of justice convincingly demonstrates his lack of good moral character and fitness to practice law in this state. Given this indisputable evidence of a fundamental lack of moral fitness, we can conceive of no circumstance under which we would grant readmission to respondent. Accordingly, he must be permanently disbarred.
| «DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Karl Jan Kirchberg, Louisiana Bar Roll number 7414, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Su *1167 preme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In a brief filed in this court, respondent described his arrangement with the medical providers as merely “discounting" medical bills.

. Guideline 6 provides that “Insurance fraud, including but not limited to staged accidents or widespread runner-based solicitation,” is a ground for permanent disbarment.

. Respondent was admonished by the disciplinary board in 1998 for providing financial assistance to a client (98-ADB-026). He also received a formal private reprimand in 1987, though the nature of the underlying violation is not clear from the record.