*730
 
 | ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Malcolm R. Petal. For the reasons that follow, we will accept the recommendation of the disciplinary board, and permanently disbar respondent.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history.
 

 Respondent Malcolm R. Petal was admitted to the practice of law in the State of Louisiana on October 9, 1998. He has been certified ineligible to practice law since June 2, 2004, based on his failure to comply with his mandatory continuing legal education requirements. Respondent was certified ineligible again on November 30, 2007, based on his failure to file his trust account authorization form.
 

 On January 25, 2008, this court suspended respondent from the practice of law for a period of nine months for failure to comply with the minimum requirements of continuing legal education, neglecting a legal matter, failing to communicate with his client, charging a non-refundable legal fee, improperly attempting to settle his malpractice liability, and failing to cooperate with the ODC in its investigation.
 
 In re: Petal,
 
 07-1299 (La.1/25/08), 972 So.2d 1138. Respondent has not sought reinstatement, and remains suspended from the practice of law.
 

 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 DISCIPLINARY PROCEEDINGS
 

 Formal Charges
 

 The ODC filed two counts of formal charges against respondent. These formal charges allege the following facts:
 

 Count 1
 

 On December 11, 2008, Respondent was charged by
 
 Superseding Bill of Information for Conspiracy to Bribe a State Official in Connection with a Program Receiving Federal Funds
 
 in the matter entitled
 
 “United States of America v. William E. Bradley, Malcolm R. Petal, ” et al,
 
 in the United States District Court for the Eastern District of Louisiana, docket number 2:08-CR-176. Respondent and William Bradley were charged with conspiring to give cash payments to Mark S. Smith, an agent of the State of Louisiana, in connection with the approval of $1,350,000 in Louisiana film tax credits. On December 12, 2008, Respondent entered a plea of guilty to one count of the superseding bill of informa
 
 *731
 
 tion. Respondent admitted that he paid a total of $135,000 to Bradley contingent upon Smith’s approving the tax credits. By the terms of the plea agreement, Respondent agreed to pay restitution to the State of Louisiana in the amount of $1,850,000.
 

 Count 2
 

 On July 24, 2008, Respondent appeared in Civil District Court for the Parish of Orleans on behalf of the plaintiffs in the matters entitled
 
 “Malcolm Petal, LIFT, LLC, and Film Factory, LLC v. George Brower, Omni Bancshares, Inc. and Tax Credit Capital, LLC,”
 
 docket number 08-7070 c/w 08-5722. Respondent had previously requested and obtained a temporary restraining order, by way of a petition for damages, against George Brower and Tax Credit Capital, LLC. After a hearing, Respondent was ^disqualified as counsel for LIFT, LLC and Film Factory, LLC due to his suspension from the practice of law. The court also determined that the request for the temporary restraining order was inappropriate and should not have been sought. In its reasons the court cited Code of Civil Procedure Article 2752 that expressly prohibits the issuance of a temporary restraining order to arrest the seizure and sale of immovable property, as well as the fact that Respondent did not give notice to the defendant. The court assessed damages of $6,556 and attorney’s fees of $5,000 against Respondent. Effective June 2, 2004, Respondent has been ineligible to practice due to his failure to comply with mandatory continuing legal education requirements. He has also been ineligible since November 30, 2007, for failure to comply with trust account registration requirements.
 

 The ODC alleged respondent’s actions in Count 1 violated Rule 8.4(a)(b) and (c)
 
 [1]
 
 of the Rules of Professional Conduct. It alleged his actions in Count 2 violated Rules 1.1,
 
 [2]
 
 1.16(a),
 
 [3]
 
 3.3(d),
 
 [4]
 
 3.4(c),
 
 [5]
 
 5.5,
 
 [6]
 
 and 8.4(a)
 
 *732
 
 and (d).
 
 [7]
 

 ^Respondent filed an answer in which he admitted to the allegations of Count 1 but denied the allegations of Count 2. That answer stated, in its entirety:
 

 COUNT 1: ADMITTED
 

 MITIGATING CIRCUMSTANCE:
 

 There is no allegation that I had any actual knowledge of the bribe, I was only convicted of conspiracy to commit bribery for having entered a contingency agreement with a lawyer, I was then deemed liable for the conspiracy when the lawyer bribed a public official. I had no knowledge he would do that with the money, and the government plea is specifically based on that fact.
 

 COUNT 2: DENIED
 

 I was only attempting to appear in proper person. LSA-R.S. 37:212(B) specifically states that nothing in the Statute shall be construed as prohibiting persons from protecting their |sown business interests. The subsequent statutes in the same scheme take pains to specifically refer to “natural persons,” so whether it is the common reading of the statute or not, it is the better reading of the statute that a person should able to protect his or her assets even if held in a Limited Liability Company. Not allowing a person to do so, would lead to the abusrd [sic] consequence that anyone could sue anyone who owns property in a Limited Liability Company and seize [sic] it without that person being able to offer any defense to the Court. Whether you agree with this analysis, I was clearly not attemptinto [sic] represent “another” and this count should be dismissed.
 

 That said, I am willing to submit to any penalty the Board recommends. My only request is that as I am a young man, and none of the allegations involved intentional misconduct on my part, or any attempt to enrich myself, that the penalty allow me to prove my character in the future, and at some distant date, be able to reapply for a law license.
 

 Hearing Committee Report
 

 The matter proceeded to a formal hearing. Respondent failed to appear at the hearing. The ODC submitted documentary evidence in support of the formal charges, including the judgment of respondent’s federal conviction and the factual basis for his guilty plea. The ODC did not call any witnesses.
 

 After reviewing the testimony and the evidence presented at the hearing, the hearing committee determined respondent violated the Rules of Professional Conduct as charged. With regard to Count 1, the committee determined respondent was convicted of a serious crime that reflects adversely on his moral fitness to practice law. Turning to Count 2, the committee found respondent initiated and appeared in court proceedings on behalf of another party at a time when he was suspended from the practice of law.
 

 In addressing the question of sanctions, the committee noted this court has imposed permanent disbarment where an attorney intentionally engages in the unauthorized practice of law at a time when his license was suspended and knew that |fihe was prohibited from practicing law.
 
 In re: Crittenden,
 
 03-0321 (La.9/5/03), 854 So.2d
 
 *733
 
 318. The committee also pointed out that this court imposed permanent disbarment as a result of convictions of crimes involving extortion and racketeering, where the attorney’s actions were covered extensively by the media and caused “incalculable harm” to the reputation of the legal profession in Louisiana.
 
 In re: Edtuards,
 
 04-0290 (La.7/2/04), 879 So.2d 718.
 

 Considering this jurisprudence and the lack of any mitigating factors, the committee recommended respondent be permanently disbarred. Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After reviewing the record, the board determined the factual findings of the committee did not appear to be manifestly erroneous. However, the board observed that the committee failed to make findings on or discuss the second issue in Count 2-i.e., the illegality of obtaining a temporary restraining order (“TRO”) in the executory process matter, contrary to La.Code Civ. P. art. 2752.
 
 [8]
 
 Based on the record, the board found respondent at least knowingly, if not intentionally, sought the TRO in contravention of the established law. The board pointed out respondent was put on notice of the illegality of the procedure by the opposing parties, yet respondent still sought and obtained the signature of the duty judge on the order granting the |7TRO.
 

 In determining an appropriate sanction, the board found that respondent engaging in conspiracy to commit bribery under Count 1 caused significant harm to the public by tarnishing the image of a legislative program that has provided substantial benefits to the citizens of Louisiana. It also found respondent pled guilty to conspiracy to commit bribery, a crime which necessarily involves dishonesty and deceit. It further determined respondent’s actions in Count 2 caused actual harm to the legal system and the opposing parties by engaging in the unauthorized practice of law and pursuing an illegal action. Specifically, it explained respondent attempted to represent LIFT, LLC and Film Factory, LLC while he was suspended from the practice of law and certified ineligible to practice law.
 

 Relying on Standards 5.11
 
 [9]
 
 and 7.1
 
 [10]
 
 of the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board concluded the applicable baseline sanction is disbarment. In aggravation, the board recognized the following factors: prior disciplinary offenses, dishonest or selfish motive, pattern
 
 *734
 
 of misconduct, multiple offenses, refusal |Rto acknowledge the wrongful nature of the conduct,
 
 [11]
 
 and illegal conduct. The sole mitigating factor identified by the board was the imposition of other penalties.
 
 [12]
 

 The board then turned to an analysis of the prior jurisprudence of this court involving similar misconduct. In
 
 In re: Crittenden,
 
 03-0321 (La.9/5/03), 854 So.2d 318, this court permanently disbarred an attorney for accepting a fee to handle a criminal matter when he was on interim suspension. In
 
 In re: Spears,
 
 07-0499 (La.8/31/07), 964 So.2d 293, this court permanently disbarred an attorney based upon her criminal conviction for accepting bribes in exchange for her client’s release from prison while she was working as an indigent defender.
 

 After considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed a timely objection in this court to the disciplinary board’s recommendation. However, after the expiration of the time for filing objections under Supreme Court Rule XIX, § 11(G)(1), respondent filed an “Answer and Response” to the board’s recommendation, in which he stated that he does not object to any sanction the court chooses to impose in this matter based upon his criminal conviction for conspiracy to commit bribery. Nonetheless, respondent argued his conviction does not involve elements of deceit and dishonesty, as stated by the board in its recommendation. Respondent also argued he did not have any knowledge of the actual bribe. As to Count 2, respondent argued it is “preposterous” to assert that he was practicing law by attempting to enjoin the foreclosure of a piece of property he owned through a limited liability company.
 

 |9DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 In re: Sharp,
 
 09-0207 (La.6/26/09), 16 So.3d 343.
 

 When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt, and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E);
 
 In re: Boudreau,
 
 02-0007 (La.4/12/02), 815 So.2d 76;
 
 Louisiana State Bar Ass’n v. Wilkinson,
 
 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Perez,
 
 550 So.2d 188 (La.1989).
 

 In Count 1, the ODC introduced evidence establishing that respondent pled guilty to conspiracy to commit bribery in
 
 *735
 
 violation of 18 U.S.C. § 871.
 
 [13]
 
 Although respondent does not dispute he pled guilty to this charge, he argues we should consider in mitigation that there was no allegation he had any “actual knowledge of the bribe.”
 

 110It is well-settled that once an attorney is convicted of a crime, he is only permitted to introduce mitigating circumstances that are not inconsistent with that guilt.
 
 In re: Hattier,
 
 04-2604 (La.3/2/05), 894 So.2d 1123;
 
 Louisiana State Bar Ass’n v. Loridans,
 
 338 So.2d 1338 (La.1976). Regardless of respondent’s degree of knowledge of the ultimate purpose of the conspiracy, the fact remains that he pled guilty to a violation of 18 U.S.C. § 371, an essential element of which is conspiring to commit “any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose.... ” Unquestionably, the elements of this crime establish that respondent committed “a criminal act especially one that reflects adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer in other respects” for purposes of Rule 8.4(b).
 

 In Count 2, the ODC alleges respondent engaged in the unauthorized practice of law by appearing in court on behalf of a limited liability company after he was suspended from the practice of law by this court. In his defense, respondent argues he was not practicing law, but instead was acting in proper person on behalf on the limited liability corporation as permitted by La. R.S. 37:212.
 
 [14]
 

 Respondent’s contentions are called into question by the transcript of the July 24, 2008 district court hearing, which was introduced into the record as ODC Exhibit 6. At the commencement of that hearing, the district court directed counsel to make their appearances, at which time respondent indicated he was “appearing for | pthe plaintiffs.” Moreover, respondent introduced no evidence that would indicate he was a “duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative” who was permitted to act on behalf of the limited liability companies pursuant to La. R.S. 37:212(C). Under these circumstances, we find the record supports the hearing committee’s factual finding that respondent engaged in the unauthorized practice of law.
 
 [15]
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 In re: Coff
 
 
 *736
 

 man,
 
 09-1165 (La.9/25/09), 17 So.3d 934. The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances.
 
 In re: Smith,
 
 09-1141 (La.9/25/09), 17 So.3d 927.
 

 The record establishes that respondent was convicted of a serious crime involving elements of dishonesty. In addition, respondent knowingly engaged in the unauthorized practice of law. The baseline sanction for this misconduct is disbarment.
 
 See
 
 Standards 5.11 and 7.1 of the ABA’s
 
 Standards for Imposing Latuyer Sanctions.
 

 Numerous aggravating factors are present in this case: prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and illegal conduct. The sole mitigating factor supported by the record is the imposition of other penalties. Given the absence of any significant mitigating factors or extenuating circumstances, we see no reason to depart from the baseline sanction of disbarment.
 

 | ^Having found respondent should be disbarred, we now turn to the question of whether respondent’s misconduct is so egregious that he should be permanently prohibited from seeking readmission to the practice of law.
 

 In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct that might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct the court might consider worthy of permanent disbarment.
 

 For purposes of the instant case, Guideline 8 is relevant. That guideline provides permanent disbarment is appropriate when the respondent engages “in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.”
 

 In the instant case, respondent was suspended from the practice of law in
 
 In re: Petal,
 
 07-1299 (La.1/25/08), 972 So.2d 1138. Despite this order, respondent held himself out as a lawyer in July 2008. Such callous disregard for the authority of this court constitutes “indisputable evidence of a fundamental lack of moral character and fitness,” warranting permanent disbarment.
 
 In re: Jefferson,
 
 04-0239 (La.6/18/04), 878 So.2d 503.
 

 In addition, respondent’s conviction for conspiracy to commit bribery demonstrates a clear lack of moral fitness. This court has not hesitated to permanently disbar attorneys who have committed serious crimes reflecting on their honesty and integrity.
 
 See, e.g., In re: Edwards,
 
 04-0290 (La.7/2/04), 879 So.2d 718;
 
 In re: Kirchberg,
 
 03-0957 (La.9/26/03), 856 So.2d 1162.
 

 Accordingly, we will accept the recommendation of the disciplinary board and permanently disbar respondent.
 

 hsDECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Malcolm R. Petal, Louisiana Bar Roll number 25822, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX,
 
 *737
 
 § 10.1, with legal interest to commence thirty clays from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Rule 8.4(a)(b) and (c) provides:
 

 It is professional misconduct for a lawyer to:
 

 (a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
 

 (b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
 

 (c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.
 

 [2]
 

 . Rule 1.1 provides, in pertinent part:
 

 (a) A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.
 

 [3]
 

 . Rule 1.16 provides, in pertinent part:
 

 (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
 

 (1) the representation will result in violation of the rules of professional conduct or other law.
 

 [4]
 

 . Rule 3.3 provides, in pertinent part:
 

 (d)In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the lawyer to make an informed decision, whether or not the facts are adverse.
 

 [5]
 

 . Rule 3.4 provides, in pertinent part:
 

 A lawyer shall not:
 

 [[Image here]]
 

 (c) knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists.
 

 [6]
 

 . Rule 5.5 provides, in pertinent part:
 

 (a) A lawyer shall not practice law in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.
 

 [7]
 

 . Rule 8.4(a) and (d) provides:
 

 It is professional misconduct for a lawyer to:
 

 (a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
 

 [[Image here]]
 

 (d) Engage in conduct that is prejudicial to the administration of justice;
 

 [8]
 

 .La.Code Civ. P. art. 2752 provides, in pertinent part:
 

 A. The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit. The injunction proceeding to arrest a seizure and sale shall be governed by the provisions of Articles 3601 through 3609 and 3612, except as provided in Article 2753. However, a temporary restraining order shall not issue to arrest the seizure and sale of immovable property, but the defendant may apply for a preliminary injunction in accordance with Article 3602. In the event the defendant does apply for a preliminary injunction the hearing for such shall be held before the sale of the property, [emphasis added].
 

 [9]
 

 . Standard 5.11 provides, in pertinent part:
 

 Disbarment is generally appropriate when:
 

 [[Image here]]
 

 (B) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
 

 [10]
 

 . Standard 7.1 provides, in pertinent part:
 

 Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.
 

 [11]
 

 . Respondent denies knowledge of the bribery, despite pleading guilty to conspiracy to commit bribery. Respondent’s position indicates his refusal to grasp the seriousness of his conduct.
 

 [12]
 

 . As a result of his conviction, respondent was sentenced to a prison term of five years.
 

 [13]
 

 . 18 U.S.C. § 371 states, in pertinent part: "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.”
 

 [14]
 

 . La. R.S. 37:212, which defines the practice of law, creates the following exception:
 

 C. Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting any claim, not exceeding five thousand dollars, or defense pertaining to an open account or promissory note, or suit for eviction of tenants on its own behalf in the courts of limited jurisdiction on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
 

 [15]
 

 .Additionally, we agree with the board's finding that respondent acted improperly in obtaining the TRO in contravention of the established law.