PER CURIAM
 
 *
 

 11
 
 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, William E. Bradley, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon his conviction of a serious crime.
 
 In re: Bradley,
 
 09-0583 (La.4/1/09), 6 So.3d 745.
 

 UNDERLYING FACTS
 

 In 2009, respondent pled guilty in the United States District Court for the Eastern District of Louisiana to one count of conspiracy to bribe a state official in connection with a program receiving federal funds, namely the state’s film incentive program. In the factual basis accompanying the guilty plea, respondent admitted that he represented a client, Malcolm Petal, whose film production company was seeking Louisiana film tax credits. Mr. Petal paid respondent $135,000, of which respondent paid $67,500 to Mark Smith, the director of the Louisiana Film Commission. Mr. Smith then certified approximately $1,350,000 in tax credits for Mr. Petal’s ^company.
 
 [1]
 
 Respondent was subsequently sentenced to serve ten months in federal prison.
 
 [2]
 

 DISCIPLINARY PROCEEDINGS
 

 In January 2010, the ODC filed formal charges against respondent, alleging that
 
 *53
 
 his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(e) (stating or implying an ability to influence improperly a judge, judicial officer, governmental agency, or official).
 

 Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.
 

 Both the ODC and respondent filed submissions for the hearing committee’s consideration. In respondent’s submission, he admitted the factual allegations of the formal charges; however, he argued numerous mitigating factors are present, namely personal or emotional problems due to the health problems of his wife and daughter. He also argued permanent disbarment is not warranted because he was not a public | ¡¡official, as Mr. Smith was, and he did not engage in the additional misconduct of practicing law while suspended, as Mr. Petal did.
 
 [3]
 

 Hearing Committee Report
 

 After considering the parties’ submissions on the issue of sanctions, the hearing committee determined the deemed admitted facts reflect that respondent pled guilty to the felony charge of conspiracy to bribe a state official in connection with a program receiving federal funds. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
 

 The committee found respondent acted intentionally, as confirmed by his guilty plea. The committee also determined the baseline sanction is disbarment, based on the ABA’s
 
 Standards for Imposing Lawyer Sanctions.
 

 The committee found the following aggravating factors present: a dishonest or selfish motive, a pattern of misconduct, and substantial experience in the practice of law (admitted 1998). The sole mitigating factor found by the committee was the absence of a prior disciplinary record.
 

 After considering the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, the committee determined Guideline 2 (intentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury) and Guideline 7 (malfeasance in office which results in a felony conviction, and which involves fraud) are applicable in this matter. Accordingly, the committee recommended respondent be permanently disbarred.
 

 Respondent filed an objection to the hearing committee’s recommendation.
 

 |
 
 ¿Disciplinary Board Recommendation
 

 After reviewing the record, the disciplinary board determined that the hearing committee’s factual findings are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of the allegations. Based on these facts, the board found the committee correctly applied the Rules of Professional Conduct.
 

 
 *54
 
 The board determined respondent intentionally violated duties owed to the public, the legal system, and the legal profession. His conduct significantly harmed a program designed to provide economic benefits to the state and also caused serious harm to the reputation of the legal profession. After reviewing the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the applicable baseline sanction is disbarment.
 

 The board adopted the aggravating and mitigating factors found by the committee. Additionally, the board found the aggravating factor of illegal conduct is present.
 

 Turning to the issue of an appropriate sanction, the board noted that the permanent disbarment guidelines relied upon by the committee do not apply in this matter. Specifically, the board determined that Guideline 2 does not apply because respondent’s criminal actions were not part of the “judicial process,” and Guideline 7 does not apply because respondent was not the party holding government office. However, the board observed that in
 
 In re: Kirchberg,
 
 03-0957 (La.9/26/03), 856 So.2d 1162, this court held the permanent disbarment guidelines are “illustrative in nature and do not constitute an exclusive list of conduct for which an attorney may be permanently disbarred.” Furthermore, in
 
 In re: Edwards,
 
 04-0290 (La.7/2/04), 879 So.2d 718, the court permanently disbarred an attorney whose misconduct did not fall within the scope of the permanent disbarment guidelines. In
 
 Edwards,
 
 the 1 {¡attorney was convicted of racketeering, extortion, mail and wire fraud, and money laundering based upon his role in extorting money from individuals seeking approval of casino projects in exchange for state licensing of the casinos.
 

 Accordingly, relying upon
 
 Kirchberg
 
 and determining respondent’s misconduct is similar to the misconduct that was the subject of
 
 Edwards,
 
 the board recommended respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E);
 
 In re: Boudreau,
 
 02-0007 (La.4/12/02), 815 So.2d 76;
 
 Louisiana State Bar Ass’n v. Wilkinson,
 
 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Perez,
 
 550 So.2d 188 (La.1989).
 

 Respondent stands convicted of conspiracy to bribe a state official. This crime is a felony under federal law and clearly warrants serious discipline. Indeed, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offense is so egregious that he should be permanently prohibited from applying for readmission to the bar.
 

 |fiWe agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct that might warrant permanent disbarment. However, we also made it clear that these guidelines are not intended to bind our decision-making process. While respondent’s misconduct may not definitively fit any of the
 
 *55
 
 specific permanent disbarment guidelines, his conviction of conspiracy to commit bribery nevertheless demonstrates a clear lack of moral fitness. We have not hesitated to permanently disbar attorneys who have committed serious crimes reflecting on their honesty and integrity.
 
 See, e.g., In re: Edwards,
 
 04-0290 (La.7/2/04), 879 So.2d 718, and
 
 In re: Kirchberg,
 
 03-0957 (La.9/26/03), 856 So.2d 1162. In light of respondent’s misconduct, we can conceive of no circumstances under which we would allow him to be readmitted to the practice of law.
 

 Accordingly, we will adopt the disciplinary board’s recommendation and permanently disbar respondent.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of William Eldren Bradley, Louisiana Bar Roll number 22266, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10. 1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Mr. Smith and Mr. Petal were also Louisiana-licensed attorneys. Both men were permanently disbarred following their guilty pleas in connection with their role in the conspiracy; in addition, Mr. Petal was also found to have engaged in the unauthorized practice of law during his interim suspension.
 
 See In re: Smith,
 
 09-2523 (La.3/12/10), 29 So.3d 484;
 
 In re: Petal,
 
 10-0080 (La.3/26/10), 30 So.3d 728.
 

 [2]
 

 . Respondent was scheduled to be released from prison in June 2010.
 

 [3]
 

 . See fn. 1,
 
 supra.