*1227 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John Brewster Ohle, III, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon his conviction of a serious crime. In re: Ohle, 10-1707 (La.8/13/10), 41 So.3d 1175.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In November 2008, respondent was indicted by a federal grand jury in the Southern District of New York on various tax and fraud offenses. In August 2009, the Government filed an eight-count Second Superseding Indictment against respondent. The presiding federal judge severed three of these counts in January 2010,[1] and the Government proceeded to trial on the severed counts only, subsequently recast as the Third Superseding Indictment. Count One charged respondent with conspiracy in violation of 18 U.S.C. § 1371. As charged to the jury, the conspiracy had two objects: (1) to commit wire fraud by obtaining fees, directly or indirectly, from Bank One, and (2) to defraud the Internal Revenue Service. In Counts Two and Three, respondent was charged with evasion of his ^personal income tax obligations for the 2001 and 2002 tax years, respectively, in violation of 26 U.S.C. § 7201.
The underlying facts of the Third Superseding Indictment are complex, but essentially, the Government alleged that respondent’s criminal conduct occurred as part of an effort to market, sell, and implement a tax shelter known as “Hedge Option Monetization of Economic Remainder,” or HOMER, which respondent designed for high net worth clients of Bank *1228 One. Respondent, who is also a CPA, allegedly prepared fraudulent invoices to obtain referral fees from Bank One on the transactions relating to this tax shelter, although he was not entitled to receive the fees, and then concealed the receipt of the ill-gotten referral fees by failing to report them on his individual tax returns. Furthermore, the Government alleged that respondent embezzled at least $8 million dollars from a client’s trust account and willfully evaded taxes on approximately $6.5 million in income in 2001 and 2002.
On June 2, 2010, following a three-week trial, the jury found respondent guilty of all three counts of the Third Superseding Indictment. In response to a special interrogatory, the jury found that the Government had proven respondent’s guilt with respect to both alleged objects of the Count One conspiracy.[2]
In January 2011, respondent was sentenced to serve 60 months in a federal penitentiary, followed by a three-year period of supervised release. Respondent was ordered to pay $5,558,680.74 in restitution plus the cost of prosecution, and ^ordered to forfeit $2,954,334 in proceeds traceable to the charged conspiracy, as well as his interest in the property detailed in the indictment.
On October 20, 2011, the United States Court of Appeals for the Second Circuit affirmed respondent’s conviction in an unpublished opinion. Mandate issued on March 6, 2012. Respondent subsequently filed a motion to set aside his conviction pursuant to 28 U.S.C. § 2255. The § 2255 motion remains pending at this time.[3]
DISCIPLINARY PROCEEDINGS
In November 2010, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Respondent initially failed to answer the formal charges, and the factual allegations contained, therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). Thereafter, the deemed admitted order was recalled and respondent filed an answer to the formal charges denying any violation of the Rules of Pro *1229 fessional Conduct. The disciplinary matter was then held in abeyance pending the finality of respondent’s criminal conviction.
14 Ultimately, after this matter was delayed for more than a year at respondent’s request, a formal hearing was conducted by the hearing committee on October 17, 2018. The ODC introduced several volumes of documentary evidence pertaining to respondent’s criminal conviction and then rested.
Respondent did not participate in the hearing. As the hearing transcript reflects, a correctional counselor from the federal penitentiary where respondent is incarcerated stated for the record, via telephone, that respondent “said he was not aware of this hearing today and is not prepared and does not have his documents.” However, respondent’s counselor at the correctional facility subsequently submitted a letter stating that he had inadvertently failed to place respondent on the “call out” list for the day of the hearing; therefore, respondent did not have his legal documents with him and was unable to participate in the hearing.
The record was left open for an additional three weeks, until November 7, 2013, to allow the parties to submit additional information demonstrating whether adequate notice of the hearing was provided to respondent. On October 21, 2013, the ODC filed a post-hearing note of evidence which included the various notices of the hearing that had been forwarded to respondent. By letter to the disciplinary board dated November 1, 2013, respondent objected to the fact that the hearing proceeded without his participation. While respondent did not contest that he received notice of the hearing, he argued that personnel at the federal penitentiary did not afford him the opportunity to participate.

Hearing Committee Report

At the outset, the hearing committee rejected any suggestion by respondent that he was not properly notified of the hearing in this matter. The committee determined that notice of the hearing was properly delivered to respondent at the federal penitentiary where he is incarcerated. Respondent also participated in |fiseveral pre-hearing telephone conferences, including the September 26, 2013 telephone conference during which the October 17th hearing date was specifically discussed. Finally, respondent’s November 1, 2013 letter to the disciplinary board confirms he had notice of the hearing. The committee was not persuaded by respondent’s refusal to participate in the hearing because he did not have the legal documents he needed,[4] given that this matter has been pending for three years and respondent had personal knowledge of the status of the proceedings.
Based upon the documentary evidence submitted by the ODC, the committee determined that respondent was convicted of conspiracy to defraud the United States and to commit wire fraud, and two counts of tax evasion. The committee found these are serious crimes that reflect upon respondent’s fitness to practice law. The committee concluded that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
*1230 The committee found respondent violated a duty owed to the public. Under the ABA’s Standards for Imposing Lawyer Sanctions, the applicable baseline sanction is disbarment.
In mitigation, the committee acknowledged that respondent has no prior disciplinary record. The committee found the following aggravating factors are present: a dishonest or selfish motive and refusal to acknowledge the wrongful nature of the conduct.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the committee recommended he be permanently disbarred.
| Neither respondent nor the ODC filed an objection to the committee’s report.

Disciplinary Board Recommendation

A panel of the disciplinary board heard oral argument in this matter on March 13, 2014.[5] On May 23, 2014, the disciplinary board filed its report in this court, recommending that respondent be permanently disbarred.
After review, the board adopted the hearing committee’s factual findings and legal conclusions. The board determined that by embezzling funds from a client for whom he was a trustee, engaging in acts designed to defraud the United States, committing wire fraud, and evading personal taxes, respondent violated duties owed to his client, the public, and the profession. By their very nature, respondent’s acts were knowing and intentional and resulted in serious injury to his client, the government, the public, and the profession. The applicable baseline sanction in this matter is disbarment.
In mitigation, the board found the following factors: absence of a prior disciplinary record and imposition of other penalties or sanctions. In aggravation, the board found the following factors: a dishonest or selfish motive, a pattern of misconduct, and refusal to acknowledge the wrongful nature of the conduct.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended he be permanently disbarred.
Within the delay for filing objections to the board’s recommendation, respondent filed a “Motion to Remand,” requesting that this court remand this matter to the hearing committee for further proceedings. Specifically, respondent |7sought the opportunity to participate in the formal hearing and to present evidence in his defense, including the evidence from his pending § 2255 proceeding. After consideration, we denied respondent’s motion, but allowed him to file a brief setting forth his objections to the board’s recommendation. Both respondent and the ODC subsequently filed briefs in accordance with our order.
DISCUSSION
Respondent’s primary argument in this court is that the ODC’s formal charges incorrectly refer to the Second Superseding Indictment, rather than the Third Superseding Indictment. Respondent asserts that this erroneous reference constitutes a violation of his due process rights and mandates the matter be remanded to the committee for a new hearing.
The ODC does not dispute respondent’s contention that the formal charges fail to *1231 mention the Third Superseding Indictment. Nonetheless, the ODC points out that the reference to the indictments is merely a “background foundation” for respondent’s federal criminal conviction, which forms the basis for the charges.
In Louisiana State Bar Ass’n v. Keys, 567 So.2d 588, 591 (La.1990), we discussed the due process requirements for formal charges in bar disciplinary matters:
In a bar discipline proceeding due process requires that an attorney be given notice of the misconduct for which the disciplinary authority seeks to sanction him, as well as an opportunity to explain his conduct or defend against the charges of misconduct. In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917). Conversely, due process prohibits sanctioning the attorney for unrelated misconduct revealed by the evidence in the disciplinary proceeding when the attorney had not been notified that the uncharged violations would be considered as disciplinary offenses or that he should be prepared to present a defense as to that misconduct. Louisiana State Bar Association v. McGovern, 481 So.2d 574 (La.1986). [Footnote omitted.]
«Applying these principles to the instant case, we find respondent was given notice of the misconduct for which the ODC sought to sanction him, as well as an opportunity to explain his conduct or defend against the charges of misconduct. Although the formal charges omit reference to the Third Superseding Indictment, they clearly indicate respondent was convicted on June 2, 2010 and that “[r]espon-dent’s acts forming the basis of his felony conviction violate Rules of Professional Conduct 8.4(a-d) ...” Any error in the formal charges concerning the procedural history of the criminal case does not create a deficiency in the record which requires a remand for further proceedings. Therefore, we see no merit to respondent’s procedural arguments.[6]
Turning to the merits, it is well settled that when disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
Here, respondent stands convicted of wire and tax fraud conspiracy charges stemming from a scheme to fraudulently obtain referral fees related to a tax shelter that he marketed, sold, and implemented, and thereafter concealing the receipt of those fees by failing to accurately report them to the IRS and pay taxes on them. Respondent was also convicted of two counts of tax evasion based on his failure to report to the IRS millions of dollars he embezzled from a client’s trust, as well as |9the fraudulently obtained referral fees. These crimes are felonies are federal law and clearly merit serious discipline. Unquestionably, respondent’s conduct warrants disbarment.
*1232 The sole remaining question is whether the offenses are so egregious that respondent should be permanently prohibited from applying for readmission to the bar. This court has long recognized that “[h]igh standards of honesty and righteousness have been erected for those engaged in the legal profession ...” Louisiana State Bar Ass’n v. Haylon, 250 La. 651, 198 So.2d 391, 392 (1967). Historically, disbarment was the harshest sanction available for attorneys who breached this high standard of conduct. Effective August 1, 2001, in the exercise of our constitutional authority to regulate the practice of law, we adopted amendments to Supreme Court Rule XIX, § 10 and’ § 24 to provide for the sanction of permanent disbarment. In the commentary accompanying the amendment, we explained, “The amendments reflect the judgement of the Court that in some instances lawyer misconduct may be so egregious as to warrant a sanction of permanent disbarment based on the facts of an individual case ...”
Permanent disbarment is reserved for those cases where the attorney’s conduct convincingly demonstrates that he or she does not possess the requisite moral fitness to practice law in this state. In re: Petal, 10-0080 (La.3/26/10), 30 So.3d 728; In re: Muhammad, 08-2769 (La.3/4/09), 3 So.3d 458. We have not hesitated to permanently disbar attorneys who have committed serious crimes reflecting on their honesty and integrity. In re: Bradley, 11-0254 (La.4/25/11), 62 So.3d 52; In re: Edwards, 04-0290 (La.7/2/04), 879 So.2d 718; In re: Kirchberg, 03-0957 (La.9/26/03), 856 So.2d 1162.
The record reveals that respondent orchestrated a complex scheme in which he stole money from a client’s trust, then stole fees from Bank One that would not otherwise have gone to him, and finally avoided paying federal income taxes on |inthe monies so obtained. See United States v. Ohle, 441 Fed.Appx. 798, 800 (2nd Cir.2011). Without a doubt, such conduct reveals a fundamental lack of honesty and integrity in respondent’s character which makes him unfit to hold a license to practice law in this state.
We do not impose permanent disbarment lightly. In re: Morphis, 01-2803 (La.12/4/02), 831 So.2d 934. However, in light of the undisputed facts of this case, we can conceive of no circumstances under which we would ever allow respondent to be readmitted to the practice of law in Louisiana. He must be permanently disbarred.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that the name of John Brewster Ohle, III, Louisiana Bar Roll number 22510, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. See United States v. Ohle, 678 F.Supp.2d 215 (S.D.N.Y.2010).

. Following respondent’s conviction, the Government declined to try him on the remaining counts of the Second Superseding Indictment, but argued instead that respondent’s conduct underlying the severed charges constituted "relevant conduct” for purposes of calculating the sentencing guidelines range, because the evidence showed the HOMER tax shelter was itself fraudulent, that respondent knew it, and that he willfully participated in its implementation. Respondent disputed these allegations. After a two-day evidentiary hearing, the federal judge concluded it was "obvious” that the HOMER tax shelter was fraudulent and violated the tax laws, and that respondent not only knew this but "helped make it so.” Accordingly, the judge determined that the HOMER tax shelter fraud and the attendant tax losses constituted "relevant conduct” to be considered at sentencing. The Government subsequently filed a sentencing memorandum indicating that the tax losses attributable to the HOMER tax shelter totaled nearly $100 million.

. This post-conviction proceeding does not affect the finality of the criminal conviction for purposes of attorney disciplinary proceedings. See Supreme Court Rule XIX, § 19(E); In re: Shepherd, 11-2011 (La.6/22/12), 91 So.3d 283; In re: Dillon, 11-0331 (La.7/1/11), 66 So.3d 434; Louisiana State Bar Ass’n v. Shaheen, 338 So.2d 1347 (La.1976).

. These documents apparently relate to respondent’s pending § 2255 proceeding. However, the committee noted that even if these documents were available to respondent, they would have been inadmissible at the hearing pursuant to Supreme Court Rule ■ XIX, § 19(E), which provides that a lawyer convicted of a criminal offense may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime of which he was convicted.

. Respondent participated in the board panel argument by telephone from the federal penitentiary in Pensacola.

. Respondent also argues he should be entitled to introduce evidence from his pending § 2255 proceeding. We agree with the hearing committee's finding that this evidence is irrelevant to the issues presently before the court.