CRICHTON, J.,
additionally concurs and assigns reasons:[1]
hi wholeheartedly agree. with the Court’s decision to permanently disbar the Respondent Randal Alandre Toaston in this matter, preventing him from engaging in the practice of law in Louisiana ever again. Although “[o]ur jurisprudence has made it clear we do not impose permanent disbarihent lightly,’- I find this respondent’s litany of unethical and egregious misconduct appalling and abusive. This Court has emphasized that “[pjermanent disbarment is reserved for those cases where the attorney’s conduct convincingly demonstrates that he or She does not possess the requisite moral fitness to practice law in this state.”[2] In my-view, Mr. Toa- *1087 ston has repeatedly demonstrated his blatant disdain for the ethical standards to which we must adhere as attorneys, and there is no other option for ús in this instance than to permanently revoke his privileges as a member of this noble profession.

. In re David J. Mitchell, 13-2688, p. 20 (La. 5/7/14), 145 So.3d 305, 318 (reh'g den., 7/1/14), citing In re Morphis, 01-2803 (La. 12/4/02), 831 So.2d 934.

. Id. p. at 21, 145 So.3d at 318, citing In re: Petal, 10-0080 (La. 3/26/10), 30 So.3d 728; In Re: Muhammad, 08-2769 (La. 3/4/09), 3 So.3d 458.